UNITED STATES DISTRICT COURT FILED
DISTRICT OF MASSACHSUETTS CLERKS OFFICE

ROBERT GORMLEY
    Plaintiff
05    10804 WGY

    )
    )    Civil Action No:
    )
    )
v.    )
    )
**WERNER LADDER CO., AND**    )
**HOME DEPOT U.S.A., INC.**    )
    **Defendants**    )

MAGISTRATE JUDGE New Ma

RECEIPT #    62159
AMOUNT $250 00
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK
DATE 2/15/05

## NOTICE OF REMOVAL

TO:    Chief Judge and Judges of the United States District Court for the
    District of Massachusetts

    Werner Co., and Home Depot USA, Inc. by and through its attorneys,

hereby removes this action to the United States District Court for the District

of Massachusetts pursuant to §1441(a) of the United States Code.

    1.    This cause of action was commenced in the Superior Court of

the Commonwealth of Massachusetts, Norfolk County, by service of a

Summons and Complaint or about January 28, 2005. A copy of the

Summons and Complaint is annexed hereto as Exhibit "A." No further

proceeding have taken place in this action.

    2.    The plaintiff in this action is seeking recovery for personal

injuries under theories of negligence and breach of warranties.

3.    The underlying action is one in which this Court has original jurisdiction under §1332 of the United States Code and which may be removed to this Court by the defendants pursuant to §1441(a) as there is diversity of citizenship.

4.    Plaintiff, upon information and belief, is a citizen of the Commonwealth of Massachusetts and resides in Quincy, Norfolk County, Massachusetts.

5.    Upon information and belief, the mater in controversy exceeds $75,000.00 exclusive of costs and interest.

6.    Defendant, Werner Co., is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania and has its principal place of business in Greenville, Pennsylvania.  Home Depot USA, Inc. is a Delaware Corporation with a principal place of business in Atlanta, Georgia.

7.    Defendants thus pray that the within action be removed pursuant to 28 U.S.C. §1441(a).

## CERTIFICATE OF SERVICE

I, Brian P. Voke, attorney for the Defendant, Werner Co., hereby certifies that I have this date, February  , 2005 forwarded copy of this Notice of Removal, via first class mail, postage prepaid, on the attorneys of record, namely, Edward M. Swartz, Esquire,  Swartz & Swartz, 10 Marshall Street, Boston, MA 02108.

WERNER CO.

By Its Attorneys
CAMPBELL, CAMPBELL & EDWARDS,
PROFESSIONAL CORPORATION


Brian P. Voke, BBO#544327
One Constitution Plaza
Boston, MA 02129
Tel. No.  (617) 241-3000
Fax. No.  (617) 241-5115

COMMONWEALTH OF MASSACHUSETTS FILED
IN CLERKS OFFICE

NORFOLK, SS.                                    SUPERIOR COURT
                                                CIVIL ACTION NO. 1.4  P  3: 42

U.S. DISTRICT COURT
DISTRICT OF MASS.

|                                    |     |
| ---------------------------------- | --- |
| ROBERT GORMLEY,                    | )   |
|                                    | )   |
| Plaintiff,                         | )   |
|                                    | )   |
| v.                                 | )   |
|                                    | )   |
| WERNER LADDER CO. and              | )   |
| HOME DEPOT U.S.A., INC.,           | )   |
|                                    | )   |
| Defendants.                        | )   |
|                                    | )   |

## COMPLAINT

1.    The plaintiff, Robert Gormley is an adult individual living at 45 Grandview Ave., Quincy, Norfolk County, Massachusetts.

2.    Defendant, Werner Ladder Co., is, upon information and belief, a Pennsylvania company with its principal place of business at 93 Werner Road, Greenville, Pennsylvania.

3.    Defendant, Home Depot U.S.A., Inc., is a Delaware corporation with a principal place of business at 2455 Paces Ferry Road, Atlanta, Georgia but does and transacts business in Massachusetts as the owner and operator of a chain of Home Depot stores. On and before January 16, 2002, defendant Home Depot USA, Inc. owned and operated a Home Depot store located in Quincy, Norfolk County, Massachusetts.

4.    Jurisdiction is based upon (a) the defendants' transacting business in the Commonwealth of Massachusetts; (b) contracting to supply services or things in the Commonwealth of Massachusetts; (c) causing tortious injury by an act or omission in the Commonwealth of Massachusetts; and/or (d) causing tortious injury inside the Commonwealth of Massachusetts by an act or omission outside the Commonwealth of Massachusetts and regularly doing or soliciting business, or engaging in any other persistent course of conduct, or deriving substantial revenue from goods used or consumed or services rendered, in the Commonwealth of Massachusetts, as set forth in Mass. Gen. L. ch. 223A, § 3.

5.      Defendants were at all times hereinmentioned engaged in the design, development, manufacture, testing, inspection, promotion, advertising, marketing, sale and distribution of Werner ladders, including the subject ladder.

6.      On or about January 16, 2002, in Quincy, Norfolk County, Massachusetts, plaintiff Robert Gormley, through no fault of his own, sustained severe and permanent injuries while using a Werner model FS108 ladder, designed, manufactured, tested, promoted, advertised, marketed, sold and distributed by the defendants, Werner Ladder Co., and Home Depot U.S.A., Inc., when the ladder failed while in use by plaintiff, causing plaintiff to fall.

7.      As a result of the incident on or about January 16, 2002, plaintiff Robert Gormley sustained severe and permanent injuries.

**COUNT I**
**NEGLIGENCE: WERNER LADDER CO.**

8.      Plaintiff Robert Gormley repeats, realleges and reavers the allegations of paragraphs one through seven as if expressly set forth herein.

9.      The severe and permanent injuries sustained by plaintiff were the direct and proximate result of the carelessness and negligence of defendant Werner Ladder Co., its agents, servants and employees as follows:

    a.      the defendant, Werner Ladder Co., was negligent in the design, development, manufacture, testing, inspection, promotion, advertising, marketing, sale and distribution of said ladder;

    b.      the defendant, Werner Ladder Co., negligently failed to warn, to instruct, adequately warn or adequately instruct the plaintiff and other users of the dangerous properties and design of said ladder and the safe and proper method of use of said ladder; and

    c.      the defendant, Werner Ladder Co., negligently disposed of said ladder and placed it in the channels of trade, when it knew or with reasonable care should have known said ladder to be in a dangerous and defective condition, and negligently placed said ladder in the channels of trade in a manner which defendant foresaw or in the exercise of reasonable care ought to have foreseen would carry said ladder into contact with persons such as plaintiff who were ignorant of its dangers and defective nature and condition and defendant negligently failed to use reasonable care to prevent injury to such persons, including this plaintiff.

10.     As the direct and proximate result of the negligence of the defendant, Werner Ladder Co., as hereinabove set forth, plaintiff was caused to sustain severe and permanent injury to his person. He has suffered and will continue to suffer great

pain of both body and mind. He has incurred and will continue to incur medical expenses.

WHEREFORE, the plaintiff, Robert Gormley, demands judgment against defendant Werner Ladder Co., together with interest and costs.

## COUNT II
## BREACH OF WARRANTY: WERNER LADDER CO.

11.     Plaintiff Robert Gormley repeats, realleges and reavers the allegations of paragraphs one through ten as if expressly set forth herein.

12.     Defendant Werner Ladder Co. expressly and impliedly warranted to plaintiff that said ladder was safe, merchantable and fit for its intended purposes and uses.

13.     Defendant Werner Ladder Co. breached its warranties to plaintiff because said product was unsafe, not of merchantable quality and unfit for its intended uses and purposes. Plaintiff relied on the warranties made by defendant.

14.     Due notice has been given to defendant Werner Ladder Co. of its breaches of warranty.

15.     As the direct and proximate result of the breach of warranties of defendant Werner Ladder Co. as hereinabove set forth, plaintiff Robert Gormley was caused to sustain severe and permanent injury to his person. He has suffered and will suffer great pain of both body and mind. He has incurred and will continue to incur medical expenses.

WHEREFORE, the plaintiff, Robert Gormley, demands judgment against defendant Werner Ladder Co. together with interest and costs.

## COUNT III
## M.G.L. c. 93A: WERNER LADDER CO.

16.     Plaintiff Robert Gormley repeats, realleges and reavers the allegations of paragraphs one through fifteen as if expressly set forth herein.

17.     The actions of defendant Werner Ladder Co. constituted an unfair and deceptive practice within the meaning of Massachusetts General Laws Chapter 93A as follows:

    a.      the defendant breached warranties in connection with the design, development, manufacturing, marketing and sale of its product;

    b.      defendant breached warranties by marketing a product which was defective in that it contained inadequate warnings;

c.      defendant breached warranties by marketing a product which posed a severe hazard to users.

18.     As a direct and proximate result of the unfair and deceptive practices of defendant Werner Ladder Co. as set forth herein, plaintiff Robert Gormley sustained severe injuries.

19.     On November 12, 2004, plaintiff made a written demand for relief, pursuant to Chapter 93A.

20.     Defendant Werner Ladder Co. refused to make a reasonable offer of settlement.

21.     The use or employment of the unfair and deceptive practices set forth herein were willful and knowing violations of Chapter 93A.

22.     The defendant's refusal to grant reasonable relief upon demand was made in bad faith with knowledge or reason to know that the acts and practices complained of violated Chapter 93A.

        WHEREFORE, Plaintiff prays that this Court grant the following relief against defendant Werner Ladder Co.:

        A.      Find that the conduct of defendant was a violation of Chapter 93A;

        B.      Find that the actions of defendant were a knowing violation of Chapter 93A and/or that the refusal to grant relief upon demand was made in bad faith;

        C.      Award plaintiff triple damages and attorney's fees on his claim.

## COUNT IV
## NEGLIGENCE: HOME DEPOT U.S.A., INC.

23.     Plaintiff Robert Gormley repeats, realleges and reavers the allegations of paragraphs one through twenty-two as if expressly set forth herein.

24.     The severe and permanent injuries sustained by plaintiff were the direct and proximate result of the carelessness and negligence of the defendant, Home Depot U.S.A., Inc., its agents, servants and employees as follows:

        a.      the defendant, Home Depot U.S.A., Inc., was negligent in the design, development, manufacture, testing, inspection, promotion, advertising, marketing, sale and distribution of said ladder;

b.  the defendant, Home Depot U.S.A., Inc., negligently failed to warn, to instruct, adequately warn or adequately instruct the plaintiff and other users of the dangerous properties and design of said ladder and the safe and proper method of use of said ladder; and

c.  the defendant, Home Depot U.S.A., Inc., negligently disposed of said ladder and placed it in the channels of trade, when it knew or with reasonable care should have known said ladder to be in a dangerous and defective condition, and negligently placed said ladder in the channels of trade in a manner which defendant foresaw or in the exercise of reasonable care ought to have foreseen would carry said ladder into contact with persons such as plaintiff who were ignorant of its dangers and defective nature and condition and defendant negligently failed to use reasonable care to prevent injury to such persons, including this plaintiff.

25. As the direct and proximate result of the negligence of the defendant, Home Depot U.S.A., Inc., as hereinabove set forth, plaintiff was caused to sustain severe and permanent injury to his person. He has suffered and will continue to suffer great pain of both body and mind. He has incurred and will continue to incur medical expenses.

WHEREFORE, the plaintiff, Robert Gormley, demands judgment against defendant Home Depot U.S.A., Inc., together with interest and costs.

## COUNT V
## BREACH OF WARRANTY: HOME DEPOT U.S.A., INC.

26. Plaintiff Robert Gormley repeats, realleges and reavers the allegations of paragraphs one through twenty-five as if expressly set forth herein.

27. Defendant Home Depot U.S.A., Inc. expressly and impliedly warranted to plaintiff that said ladder was safe, merchantable, and fit for its intended purposes and uses.

28. Defendant Home Depot U.S.A. breached its warranties to plaintiff because said product was unsafe, not of merchantable quality and unfit for its intended uses and purposes. Plaintiff relied on the warranties made by defendant.

29. Due notice has been given to defendant Home Depot U.S.A. of its breaches of warranty.

30. As the direct and proximate result of the breach of warranties of defendant Home Depot U.S.A., as hereinabove set forth, plaintiff Robert Gormley was caused to sustain severe and permanent injury to his person. He has suffered and will suffer great pain of both body and mind. He has incurred and will continue to incur medical expenses.

WHEREFORE, the plaintiff, Robert Gormley, demands judgment against defendant Home Depot U.S.A., Inc., together with interest and costs.

## COUNT VI
## M.G.L. c. 93A: HOME DEPOT U.S.A. INC.

31. Plaintiff Robert Gormley repeats, realleges and reavers the allegations of paragraphs one through thirty as if expressly set forth herein.

32. The actions of defendant Home Depot U.S.A. constituted an unfair and deceptive practice within the meaning of Massachusetts General Laws Chapter 93A as follows:

    a. the defendant breached warranties in connection with the design, development, manufacturing, marketing and sale of its product;

    b. defendant breached warranties by marketing a product which was defective in that it contained inadequate warnings;

    c. defendant breached warranties by marketing a product which posed a severe hazard to users.

33. As a direct and proximate result of the unfair and deceptive practices of defendant Home Depot U.S.A. as set forth herein, plaintiff Robert Gormley sustained severe injuries.

34. On November 12, 2004, plaintiff made a written demand for relief, pursuant to Chapter 93A.

35. Defendant Home Depot U.S.A. refused to make a reasonable offer of settlement.

36. The use or employment of the unfair and deceptive practices set forth herein were willful and knowing violations of Chapter 93A.

37. The defendant's refusal to grant reasonable relief upon demand was made in bad faith with knowledge or reason to know that the acts and practices complained of violated Chapter 93A.

WHEREFORE, Plaintiff prays that this Court grant the following relief against defendant Home Depot U.S.A.:

    A. Find that the conduct of defendant was a violation of Chapter 93A;

B.    Find that the actions of defendant were a knowing violation of Chapter 93A and/or that the refusal to grant relief upon demand was made in bad faith;

C.    Award plaintiff treble damages and attorney's fees on his claim.

WHEREFORE, the Plaintiff, Robert Gormley, demands judgment against the Defendant Home Depot U.S.A., together with interest and costs.

## PLAINTIFF CLAIMS TRIAL BY JURY.

The Plaintiff,
By His Attorneys,

Edward M. Swartz
BBO #489540
James A. Swartz
BBO #556920
Jason Mark
BBO # 631207
Swartz & Swartz
10 Marshall Street
Boston, MA 02108
(617) 742-1900

Dated: 12-10-04

DISTRICT OF MASSACHUSETTS

1. **TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)** Robert Gormley

   v. Werner Ladder Co.

2. **CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET.    (SEE LOCAL RULE 40.1(A)(1)).**

   ___    I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___    II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

   X    III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___    IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___    V.    150, 152, 153.

3. **TITLE AND NUMBER, IF ANY, OF RELATED CASES.    (SEE LOCAL RULE 40.1(E)).**

   _____

4. **HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?**    YES ☐    NO ☒

5. **DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?    (SEE 28 USC 2403)**    YES ☐    NO ☒

   **IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?**    YES ☐    NO ☒

6. **IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?**    YES ☐    NO ☒

7. **DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).**    YES ☐    NO ☐

   **OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).**    YES ☐    NO ☐

8. **DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?**    YES ☐    NO ☒

   (a)    **IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?** _____

9. **IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?** Eastern

10. **IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION:** YES ☐ NO ☐    **OR WESTERN SECTION;** YES ☐    NO ☐

**(PLEASE TYPE OR PRINT)**

**ATTORNEY'S NAME** Brian P. Voke, Esq. BBO #544327

**ADDRESS** One Constitution Plaza, Boston, MA 02129

**TELEPHONE NO.** 617-241-3000

(Categfrm.rev - 3/97)

℅JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Robert Gormley | 2005 FEB 14 P 3: 42<br>Werner Ladder Co., and Home Depot U.S.A. Inc.<br>U.S. DISTRICT COURT |
| (b)  County of Residence of First Listed Plaintiff  **Norfolk**<br>(EXCEPT IN U.S. PLAINTIFF CASES) | DISTRICT OF MASS<br>County of Residence of First Listed Defendant  **Pennsylvania**<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |
| (c)  Attorney's (Firm Name, Address, and Telephone Number)<br>Edward M. Swartz, Esq.- Swartz & Swartz<br>10 Marshall Street<br>Boston, MA  02108    617-742-1900 | Attorneys (If Known)<br>Brian P. Voke - 617-241-3000<br>Campbell Campbell Edwards & Conroy, P.C.<br>One Constitution Plaza, Boston MA 02129 |

| II.  BASIS OF JURISDICTION    (Place an "X" in One Box Only) | III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff<br>(For Diversity Cases Only)    and One Box for Defendant) |
|---|---|

<table>
<tr>
<td>☐ 1  U.S. Government<br>Plaintiff</td>
<td>☐ 3  Federal Question<br>(U.S. Government Not a Party)</td>
<td></td>
<td>DEF</td>
<td></td>
<td></td>
<td>DEF</td>
</tr>
<tr>
<td></td>
<td></td>
<td>Citizen of This State</td>
<td>☒ 1   ☐ 1</td>
<td>Incorporated or Principal Place<br>of Business in This State</td>
<td>☐ 4</td>
<td>☐ 4</td>
</tr>
<tr>
<td>☐ 2  U.S. Government<br>Defendant</td>
<td>☒ 4  Diversity<br>(Indicate Citizenship of Parties<br>in Item III)</td>
<td>Citizen of Another State</td>
<td>☐ 2   ☐ 2</td>
<td>Incorporated and Principal Place<br>of Business in Another State</td>
<td>☐ 5</td>
<td>☒ 5</td>
</tr>
<tr>
<td></td>
<td></td>
<td>Citizen or Subject of a<br>Foreign Country</td>
<td>☐ 3   ☐ 3</td>
<td>Foreign Nation</td>
<td>☐ 6</td>
<td>☐ 6</td>
</tr>
</table>

## IV.  NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br> & Enforcement of<br>Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>Student Loans<br>(Excl. Veterans)<br>☐ 153 Recovery of Overpayment<br>of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>Liability<br>☐ 320 Assault, Libel &<br>Slander<br>☐ 330 Federal Employers'<br>Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury—<br>Med. Malpractice<br>☒ 365 Personal Injury—<br>Product Liability<br>☐ 368 Asbestos Personal<br>Injury Product<br>Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>Property Damage<br>☐ 385 Property Damage<br>Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure<br>of Property 21 USC<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational<br>Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br><br>☐ 423 Withdrawal<br>28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/<br>Exchange<br>☐ 875 Customer Challenge<br>12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate<br>Sentence<br>Habeas Corpus:<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards<br>Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting<br>& Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc.<br>Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>or Defendant)<br>☐ 871 IRS—Third Party<br>26 USC 7609 | ☐ 894 Energy Allocation Act<br>☐ 895 Freedom of<br>Information Act<br>☐ 900 Appeal of Fee<br>Determination Under Equal Access to<br>Justice<br>☐ 950 Constitutionality of<br>State Statutes<br>☐ 890 Other Statutory Actions |

## V.  ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☒ 1  Original<br>Proceeding  ☐ 2  Removed from<br>State Court  ☐ 3  Remanded from<br>Appellate Court  ☐ 4  Reinstated or<br>Reopened  ☐ 5  Transferred from<br>another district<br>(specify)  ☐ 6  Multidistrict<br>Litigation  ☐ 7  Appeal to<br>District<br>Judge from<br>Magistrate<br>Judgment

## VI.  CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.<br>Do not cite jurisdictional statutes unless diversity.)

Plaintiff alleges injuries due to deffective ladder sold by Defendant

| VII.  REQUESTED IN<br>COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION<br>UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND:  ☒ Yes  ☐ No |
|---|---|---|---|

| VIII.  RELATED CASE(S)<br>IF ANY | (See<br>instructions): | JUDGE *Brian P. Voke* | DOCKET NUMBER |
|---|---|---|---|

DATE  2/11/05    SIGNATURE OF ATTORNEY OF RECORD  *Brian P. Voke*

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____