MAS-20041213  Case 1:05-cv-10304-LTS   Document 3   Filed 03/07/2005   Page 1 of 14   03/02/2005
levisdeb                              Commonwealth of Massachusetts                   04:13 PM
                                      NORFOLK SUPERIOR COURT
                                           Case Summary
                                           Civil Docket

### NOCV2004-02180
### Gormley v Werner Ladder Co et al

FILED
IN CLERKS OFFICE

| | | | | |
|---|---|---|---|---|
| **File Date** | 12/21/2004 | **Status** | Disposed: transfered to other court (dtrans) | 2005 MAR -7 P 1:02 |
| **Status Date** | 03/02/2005 | **Session** | C - Civil C | |
| **Origin** | 1 | **Case Type** | B05 - Products liability | DISTRICT COURT |
| **Lead Case** | | **Track** | A | DISTRICT OF MASS |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Service** | 03/21/2005 | **Answer** | 05/20/2005 | **Rule12/19/20** | 05/20/2005 |
| **Rule 15** | 03/16/2006 | **Discovery** | 02/09/2007 | **Rule 56** | 04/10/2007 |
| **Final PTC** | 08/08/2007 | **Disposition** | 12/21/2007 | **Jury Trial** | Yes |

## PARTIES

**Plaintiff**
Robert Gormley
Active 12/21/2004

**Private Counsel 631207**
Jason Mark
Swartz & Swartz
10 Marshall Street
Boston, MA 02108
Phone: 617-742-1900
Fax: 617-367-7193
Active 12/21/2004 Notify

**Defendant**
Werner Ladder Co
Service pending 12/21/2004

**Private Counsel 544327**
Brian P Voke
Campbell Campbell Edwards & Conroy
1 Constitution Plaza
3rd floor
Boston, MA 02129
Phone: 617-241-3000
Fax: 617-241-5115
Active 03/02/2005 Notify

**Defendant**
Home Depot U S A Inc
Served: 01/28/2005
Served (answr pending) 01/28/2005

## ENTRIES

| Date | Paper | Text |
|---|---|---|
| 12/21/2004 | 1.0 | Complaint entry fee $275 plff jury claim, |
| 12/21/2004 | | Origin 1, Type B05, Track A. |
| 12/21/2004 | 2.0 | Civil action cover sheet filed |
| 12/21/2004 | | average track notice sent to plff attorney |
| 01/06/2005 | | ONE TRIAL review by Clerk, Case is to remain in the Superior Court |
| 02/11/2005 | 3.0 | SERVICE RETURNED: Home Depot U S A Inc(Defendant) in hand to to A. Liberto, Process Clerk and Agent in chg at time of service  s/o 1/28/05 rec'd 2/10/05 |
| 02/11/2005 | 4.0 | Affidavit of James A. Swartz in compliance wiht Rule 4(f) by certified mail return receipt requested. (Green card Attached) |

**Commonwealth of Massachusetts**
**NORFOLK SUPERIOR COURT**
Case Summary
Civil Docket

**NOCV2004-02180**
**Gormley v Werner Ladder Co et al**

FILED
IN CLERK'S OFFICE

2005 MAR -7 P 1:03

U.S. DISTRICT COURT
DISTRICT OF MASS.

| Date | Paper | Text |
|---|---|---|
| | 4.0 | rec'd 2/10/05 |
| 02/16/2005 | | Pleading, Notice of Removal, returned to Jason Mark, Esq.: A US District Court Seal and docket # must on on the removal |
| 02/17/2005 | | Pleading, summons, returned to Jason Mark, Esq.: We must have the original green certified card. Also, the indicated Affidavit under Rule 4f was not attached to this service |
| 03/02/2005 | 5.0 | Notice of Removal -- Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

A TRUE COPY
Attest: *Mary E. Kenney*
Deputy Assistant Clerk
3/3/05

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.  SUPERIOR COURT
CIVIL ACTION NO.

ROBERT GORMLEY, )
)
Plaintiff, )
)
v. )
)
WERNER LADDER CO. and )
HOME DEPOT U.S.A., INC., )
)
Defendants. )
)

## COMPLAINT

1. The plaintiff, Robert Gormley is an adult individual living at 45 Grandview Ave., Quincy, Norfolk County, Massachusetts.

2. Defendant, Werner Ladder Co., is, upon information and belief, a Pennsylvania company with its principal place of business at 93 Werner Road, Greenville, Pennsylvania.

3. Defendant, Home Depot U.S.A., Inc., is a Delaware corporation with a principal place of business at 2455 Paces Ferry Road, Atlanta, Georgia but does and transacts business in Massachusetts as the owner and operator of a chain of Home Depot stores. On and before January 16, 2002, defendant Home Depot USA, Inc. owned and operated a Home Depot store located in Quincy, Norfolk County, Massachusetts.

4. Jurisdiction is based upon (a) the defendants' transacting business in the Commonwealth of Massachusetts; (b) contracting to supply services or things in the Commonwealth of Massachusetts; (c) causing tortious injury by an act or omission in the Commonwealth of Massachusetts; and/or (d) causing tortious injury inside the Commonwealth of Massachusetts by an act or omission outside the Commonwealth of Massachusetts and regularly doing or soliciting business, or engaging in any other persistent course of conduct, or deriving substantial revenue from goods used or consumed or services rendered, in the Commonwealth of Massachusetts, as set forth in Mass. Gen. L. ch. 223A, § 3.

5. Defendants were at all times hereinmentioned engaged in the design, development, manufacture, testing, inspection, promotion, advertising, marketing, sale and distribution of Werner ladders, including the subject ladder.

6. On or about January 16, 2002, in Quincy, Norfolk County, Massachusetts, plaintiff Robert Gormley, through no fault of his own, sustained severe and permanent injuries while using a Werner model FS108 ladder, designed, manufactured, tested, promoted, advertised, marketed, sold and distributed by the defendants, Werner Ladder Co., and Home Depot U.S.A., Inc., when the ladder failed while in use by plaintiff, causing plaintiff to fall.

7. As a result of the incident on or about January 16, 2002, plaintiff Robert Gormley sustained severe and permanent injuries.

**COUNT I**
**NEGLIGENCE: WERNER LADDER CO.**

8. Plaintiff Robert Gormley repeats, realleges and reavers the allegations of paragraphs one through seven as if expressly set forth herein.

9. The severe and permanent injuries sustained by plaintiff were the direct and proximate result of the carelessness and negligence of defendant Werner Ladder Co., its agents, servants and employees as follows:

    a. the defendant, Werner Ladder Co., was negligent in the design, development, manufacture, testing, inspection, promotion, advertising, marketing, sale and distribution of said ladder;

    b. the defendant, Werner Ladder Co., negligently failed to warn, to instruct, adequately warn or adequately instruct the plaintiff and other users of the dangerous properties and design of said ladder and the safe and proper method of use of said ladder; and

    c. the defendant, Werner Ladder Co., negligently disposed of said ladder and placed it in the channels of trade, when it knew or with reasonable care should have known said ladder to be in a dangerous and defective condition, and negligently placed said ladder in the channels of trade in a manner which defendant foresaw or in the exercise of reasonable care ought to have foreseen would carry said ladder into contact with persons such as plaintiff who were ignorant of its dangers and defective nature and condition and defendant negligently failed to use reasonable care to prevent injury to such persons, including this plaintiff.

10. As the direct and proximate result of the negligence of the defendant, Werner Ladder Co., as hereinabove set forth, plaintiff was caused to sustain severe and permanent injury to his person. He has suffered and will continue to suffer great

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 04 02180 | Trial Court of Massachusetts Superior Court Department County: Norfolk |
|---|---|---|
| PLAINTIFF(S) Robert Gormley | | DEFENDANT(S) Werner Ladder Co. and Home Depot U.S.A., Inc. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Edward M. Swartz, Esq. Swartz & Swartz, 10 Marshall St., Boston, MA 02108 Board of Bar Overseers number: 489540  (617) 742-1900 | | ATTORNEY (If known) |

B

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | Products Liability | ( A ) | ( X ) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ................................................. $ 15,339.29
  2. Total Doctor expenses .................................................. $    968.00
  3. Total chiropractic expenses ............................................ $
  4. Total physical therapy expenses ....................................... $  2,562.00
  5. Total other expenses (describe) ....................................... $
                                                            Subtotal $ 18,869.29
B. Documented lost wages and compensation to date ............................ $ 60,340.00+
C. Documented property damages to date ...................................... $
D. Reasonably anticipated future medical and hospital expenses .............. $
E. Reasonably anticipated lost wages ........................................ $
F. Other documented items of damages (describe)
                                                                              $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
  Plaintiff fell after defendants' ladder failed while in use, causing Plaintiff to sustain severe and permanent injuries, including but not limited to a torn rotator cuff in his left arm and shoulder and thoracic outlet syndrome, that have left him with minimal use of his left arm and limited neck motion.
                                                                 TOTAL $ 79,209.29+

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

A TRUE COPY
Attest: *Mary E. Kenney*
Deputy Assistant Clerk  3/3/05

TOTAL $ ..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 12-10-04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:- 3.0
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

RECEIVED & FILED
**CLERK OF THE COURTS**
NORFOLK COUNTY

SUPERIOR COURT
CIVIL ACTION
NO. 2004-02180-B

Robert Gormley ........................................, *Plaintiff(s)*

v.

Werner Ladder, Co. and Home Depot
U.S.A., Inc. ........................................, *Defendant(s)*

## SUMMONS

To the above-named Defendant: Home Depot U.S.A., Inc.

You are hereby summoned and required to serve upon Edward M. Swartz, Esq., plaintiff's attorney, whose address is 10 Marshall St., Boston, MA 02108 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, *Esquire*, at .................... the 26th day of January ........................, in the year of our Lord two thousand and five.

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
3/3/05

_____ Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                    SUPERIOR COURT
                                                CIVIL ACTION NO.: 2004-02180-B

| | |
|---|---|
| ROBERT GORMLEY, | ) |
| Plaintiff, | ) |
| v. | ) |
| WERNER LADDER CO. and HOME DEPOT U.S.A., INC., | ) |
| Defendants. | ) |

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY

## AFFIDAVIT IN COMPLIANCE WITH RULE 4(f)

I, James A. Swartz, attorney for the above-named Plaintiff, make oath that on or about January 31, 2005, I served a copy of Plaintiff's Complaint and Demand for Jury Trial, Civil Action No. 04-02180-B, Tracking Order, Summons to Werner Ladder Co., Plaintiff's First Set of Interrogatories To Be Answered by Defendant, Werner Ladder Co., and Plaintiff's First Request For Production of Documents Propounded To Defendant, Werner Ladder Co., pursuant to M.G.L. c. 223A § 3 and Massachusetts Rules of Civil Procedure 4(e) and 4(f). Said documents were sent by certified mail, return receipt requested, addressed to: Office of the President, Werner Ladder Co., 93 Werner Road, Greenville, PA 16125-9499.

Return receipt is attached to this Affidavit and made a part of the docket, all in accordance with Massachusetts Rules of Civil Procedure 4(f).

The Plaintiff,
By His Attorneys,

_____
Edward M. Swartz
BBO #489540
James A. Swartz
BBO #556920
Jason Mark
BBO # 631207
Swartz & Swartz
10 Marshall Street
Boston, MA 02108
617-742-1900

Dated: February 9, 2005

A TRUE COPY
Attest: _Mary E. Kinsey_
Deputy Assistant Clerk
3/3/05

2

**SENDER: COMPLETE THIS SECTION**

- Complete Items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _[signature]_  ☐ Agent  ☐ Addressee

B. Received by (Printed Name): W B Miller
C. Date of Delivery: 1-31-15

1. Article Addressed to:

Office of the President
Werner Ladder Co
93 Werner Road
Greenville, PA
16125-9499

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☒ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label): 7003 1010 0003 3858 2407

PS Form 3811, February 2004    102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ 1.06 |
| Certified Fee | 2.30 |
| Return Reciept Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.11 |

Postmark Here

Sent To: Office of the President
Street, Apt. No.; or PO Box No.: 93 Werner Rd
City, State, ZIP+4: Greenville, PA 16125

7003 1010 0003 3858 2407

PS Form 3800, June 2002    See Reverse for Instructions



## Swartz & Swartz
### ATTORNEYS AT LAW
The John & Ebenezer Hancock House on The Freedom Trail
NUMBER TEN MARSHALL ST., BOSTON, MASSACHUSETTS 02108
617-742-1900   ·   FAX · 617-367-7193

January 26, 2005

**VIA CERTIFIED MAIL/RRR**

Office of the President
Werner Ladder Co.
93 Werner Road
Greenville, PA 16125-9499

Re:   Robert Gormley v. Werner Ladder, Co. and Home Depot U.S.A., Inc.
      Norfolk Superior Court C.A. No.: 2004-02180-B

Dear Sir/Madam:

Enclosed please find the following documents, which are being served upon you in accordance with Massachusetts Rules of Civil Procedure, Rule 4(e) and 4(f):

1. Copy of Plaintiff's Complaint and Demand for Jury Trial;
2. Copy of Tracking Order;
3. Copy of Summons to Werner Ladder Co.;
4. Plaintiff's First Set of Interrogatories To Be Answered By Defendant, Werner Ladder Co.; and
5. Plaintiff's First Request For Production of Documents Propounded To Defendant, Werner Ladder Co.

Thank you for your attention to this matter.

Very truly yours,

James A. Swartz

JAS:mrs
Encl.
cc:   John E. Sedgewick, Esq.
      Robert Gormley

<u>COMMONWEALTH OF MASSCHUSETTS</u>

NORFOLK, SS                                         SUPERIOR COURT
                                                    CIVIL ACTION NO: 2004-02180

ROBERT GORMLEY,            )
   Plaintiff              )
                           )
                           )
v.                         )
                           )
WERNER LADDER CO., AND     )
HOME DEPOT U.S.A., INC.    )
   Defendants             )


<u>NOTICE OF REMOVAL</u>


TO:  Civil Clerk's Office
     Norfolk Superior Court
     650 High Street
     Dedham, MA

Werner Co. and Home Depot USA, Inc. hereby removes this case to the United States District Court for the District of Massachusetts.

## CERTIFICATE OF SERVICE

     I, Brian P. Voke, attorney for the Defendant, Werner Co., hereby certifies that I have this date, February /O, 2005 forwarded copy of this Notice of Removal, via first class mail, postage prepaid, on the attorneys of record, namely, Edward M. Swartz, Esquire, Swartz & Swartz, 10 Marshall Street, Boston, MA 02108.

                WERNER CO.

                By Its Attorneys
                CAMPBELL, CAMPBELL & EDWARDS,
                PROFESSIONAL CORPORATION

                */s/ Brian P. Voke*
                Brian P. Voke, BBO#544327
                One Constitution Plaza
                Boston, MA 02129
                Tel. No. (617) 241-3000
                Fax. No. (617) 241-5115

A TRUE COPY
Attest: *Mary E. Kenney*
Deputy Assistant Clerk
3/3/05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHSUETTS

FILED
IN CLERKS OFFICE

2005 FEB 14 P 3:42

**ROBERT GORMLEY,**
**Plaintiff**

v.

**WERNER LADDER CO., AND**
**HOME DEPOT U.S.A., INC.**
**Defendants**

Civil Action No. 05-10304 WGY

U.S. DISTRICT COURT
DISTRICT OF MASS.

## NOTICE OF REMOVAL

TO: Chief Judge and Judges of the United States District Court for the District of Massachusetts

Werner Co., and Home Depot USA, Inc. by and through its attorneys, hereby removes this action to the United States District Court for the District of Massachusetts pursuant to §1441(a) of the United States Code.

1. This cause of action was commenced in the Superior Court of the Commonwealth of Massachusetts, Norfolk County, by service of a Summons and Complaint or about January 28, 2005. A copy of the Summons and Complaint is annexed hereto as Exhibit "A." No further proceeding have taken place in this action.

2. The plaintiff in this action is seeking recovery for personal

injuries under theories of negligence and breach of warranties.

3.  The underlying action is one in which this Court has original jurisdiction under §1332 of the United States Code and which may be removed to this Court by the defendants pursuant to §1441(a) as there is diversity of citizenship.

4.  Plaintiff, upon information and belief, is a citizen of the Commonwealth of Massachusetts and resides in Quincy, Norfolk County, Massachusetts.

5.  Upon information and belief, the mater in controversy exceeds $75,000.00 exclusive of costs and interest.

6.  Defendant, Werner Co., is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania and has its principal place of business in Greenville, Pennsylvania. Home Depot USA, Inc. is a Delaware Corporation with a principal place of business in Atlanta, Georgia.

7.  Defendants thus pray that the within action be removed pursuant to 28 U.S.C. §1441(a).