UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHSUETTS

ROBERT GORMLEY            )
                          )
                          )
         PLAINTIFF        )
                          )CIVIL ACTION NO: 05CV10304WGY
VS.                       )
                          )
WERNER LADDER CO.,        )
INC., AND HOME DEPOT      )
U.S.A., INC.              )
                          )
         DEFENDANTS       )

### WERNER CO.'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

1. Werner Co., improperly named Werner Ladder Co., is without sufficient knowledge or information to form a belief as to the truth of the averments of Paragraph 1 of the Complaint.

2. Werner Co. admits that it is a Pennsylvania Corporation with a principal place business of 93 Werner Road, Greenville, Pennsylvania.

3. Paragraph 3 of the Complaint contains allegations which are not directed to Werner Co. and to which no response by Werner Co. is required. To the extent paragraph 3 is intended to allege any fault, wrongdoing, liability or damages attributable to Werner Co., it is expressly denied.

4. Denied.

5. Werner Co. admits that it designs, develops, manufactures, tests, inspects, promotes, advertises, markets, sells, and distributes certain ladders. The remaining allegations of this paragraph of the Complaint are denied.

6-7.   Denied.

**WHEREFORE**, Werner Co. demands judgment be entered in its favor dismissing the Complaint along with interest, costs, and disbursements incurred herein.

## COUNT I

8.   Werner Co. repeats and incorporates by reference its responses to paragraphs 1-7 of the Complaint.

9a-c-10.   Denied.

**WHEREFORE**, Werner Co. demands judgment be entered in its favor dismissing the Complaint along with interest, costs, and disbursements incurred herein.

## COUNT II

11.   Werner Co. repeats and incorporates by reference its responses to paragraphs 1-10 of the Complaint.

12.   Werner Co. denies that it provided any express warranties with said product. The allegation that Werner Co. provided implied warranties of merchantability is an allegation of law to which no response is required. To the extent a response is required to the plaintiff's allegation that Werner Co. provided implied warranties that said product was safe, merchantable and fit for its intended purposes and uses, Werner Co. states that it has not yet seen the product and consequently it is without sufficient knowledge or information to form a belief as to the truth of the averments of Paragraph 12 of the Complaint.

13-15.   Denied.

**WHEREFORE**, Werner Co. demands judgment be entered in its favor dismissing the Complaint along with interest, costs, and disbursements incurred herein.

## COUNT III

16. Werner Co. repeats its responses to Paragraphs 1 through 15 of the Complaint as if set forth at length herein.

17a-c-18. Denied.

19. Werner Co. admits that it received a letter from plaintiff's counsel dated November 12, 2004 purporting to be a demand for relief pursuant to Chapter 93A but denies the remaining allegations.

20-22. Denied.

**WHEREFORE**, Werner Co. demands judgment be entered in its favor dismissing the Complaint along with interest, costs, and disbursements incurred herein.

## COUNT IV

23. Werner Co. repeats its responses to Paragraphs 1 through 22 of the Complaint as if set forth at length herein.

24a-c-25. Paragraphs 24a-c-25 of the Complaint contains allegations which are not directed to Werner Co. and to which no response by Werner Co. is required. To the extent paragraphs 24a-c-25 are intended to allege any fault, wrongdoing, liability or damages attributable to Werner Co., it is expressly denied.

**WHEREFORE**, Werner Co. demands judgment be entered in its favor dismissing the Complaint along with interest, costs, and disbursements incurred herein.

## COUNT V

26. Werner Co. repeats its responses to Paragraphs 1 through 25 of the Complaint as if set forth at length herein.

27-30. Paragraphs 27-30 of the Complaint contain allegations which are not directed to Werner Co. and to which no response by Werner Co. is

required. To the extent paragraphs 27-30 are intended to allege any fault, wrongdoing, liability or damages attributable to Werner Co., it is expressly denied.

**WHEREFORE**, Werner Co. demands judgment be entered in its favor dismissing the Complaint along with interest, costs, and disbursements incurred herein.

## COUNT VI

31. Werner Co. repeats its responses to Paragraphs 1 through 30 of the Complaint as if set forth at length herein.

32a-c-37. Paragraphs 32a-c-37 of the Complaint contain allegations which are not directed to Werner Co. and to which no response by Werner Co. is required. To the extent paragraphs 32a-c-37 are intended to allege any fault, wrongdoing, liability or damages attributable to Werner Co., it is expressly denied.

**WHEREFORE**, Werner Co. demands judgment be entered in its favor dismissing the Complaint along with interest, costs, and disbursements incurred herein.

## JURY DEMAND

Werner Co. demands a jury trial on all issues raised herein.

### FIRST SEPARATE DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

The plaintiff's claim for breach of warranty is barred by the plaintiff's failure to provide timely notice of the alleged breach of warranty to Werner Co. and Werner Co. has been prejudiced thereby.

### THIRD SEPARATE DEFENSE

The plaintiff's injuries and damages, if any, were caused by third persons over whom Werner Co. exercised neither control nor responsibility.

### FOURTH SEPARATE DEFENSE

The plaintiff's claim is barred because the plaintiff voluntarily and unreasonably proceeded to encounter a known danger.

### FIFTH SEPARATE DEFENSE

The plaintiff's claim is barred because the plaintiff and or a third party was the sole proximate cause of his own injuries.

### SIXTH SEPARATE DEFENSE

The plaintiff's damages, if any, must be reduced accordingly by the plaintiff's failure to mitigate his damages.

### SEVENTH SEPARATE DEFENSE

The plaintiff is barred from any recovery because the plaintiff's alleged injuries and damages, if any, resulted from plaintiff's own negligence which exceeded any negligence by the defendant.

### EIGHTH SEPARATE DEFENSE

The Plaintiff's claims are barred by his misuse of the product.

### NINTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the applicable Statute of Limitations.

### TENTH SEPARATE DEFENSE

The plaintiff's claims for relief pursuant to G.L. c. 93A are barred because they failed to deliver a legally adequate pre-suit demand for relief.

### ELEVENTH SEPARATE DEFENSE

The plaintiff's claim pursuant to G.L. c. 93A is barred to the extent it is based on 940 C.M.R. Section 3.08 because that regulation, as construed by the Supreme Judicial Court, is ultra vires the Attorney General's authority under G.L. c. 93A section 2.

### TWELFTH SEPARATE DEFENSE

The plaintiff's claims to recover multiple damages pursuant to G.L. c.93A are barred insofar as that claim is purportedly based on the defendant's decision not to offer to settle their claims before they commenced suit. The plaintiff's failure to provide the defendant with relevant information within their control, coupled with Massachusetts statutory, regulatory and common law that contributed to cause the defendant's inability to obtain such information, deprived the defendant of information reasonably necessary to make an informed assessment of the plaintiff's claim. Imposition of multiple damages under these circumstances would violate the defendant's rights to due process and equal protection guaranteed by the Fourteenth Amendment to the United States Constitution.

### THIRTEENTH SEPARATE DEFENSE

The plaintiff's claim to recover multiple damages pursuant to G.L. c. 93A is barred insofar as that claim is purportedly based on the defendant's decision not to offer to settle their claims before they commenced suit. The plaintiff's failure to provide the defendant with relevant information within their control, coupled with Massachusetts statutory, regulatory and common law that contributed to cause the defendant's inability to obtain such information, deprived the defendant of information reasonably necessary to make an informed assessment of the plaintiff's claims. Imposition of multiple damages under these circumstances would violate the defendant's due process rights guaranteed by art. 12 of the Massachusetts Declaration of Rights.

### FOURTEENTH SEPARATE DEFENSE

The plaintiff's claim to recover multiple damages pursuant to G.L. c.93A is barred insofar as that claim is purportedly based on the defendant's decision not to offer to settle their claims before they commenced suit. The

plaintiff's failure to provide the defendant with relevant information within their control, coupled with Massachusetts statutory, regulatory and common law that contributed to cause the defendant's inability to obtain such information, deprived the defendant of information reasonably necessary to make an informed assessment of the plaintiff's claims. Imposition of multiple damages under these circumstances would violate the defendant's equal protection rights guaranteed by art. 1 of the Massachusetts Declaration of Rights, as amended by art. 106 of the Amendments.

### FIFTEENTH SEPARATE DEFENSE

The plaintiff's claims to recover multiple damages pursuant to G.L. c.93A is barred insofar as that claim is purportedly based on the defendant's decision not to offer to settle their claims before they commenced suit. The plaintiff's failure to provide the defendant with relevant information within their control, coupled with Massachusetts statutory, regulatory and common law that contributed to cause the defendant's inability to obtain such information, deprived the defendant of information reasonably necessary to make an informed assessment of the plaintiff's claims. Imposition of multiple damages under these circumstances would constitute an excessive fine proscribed by the Eighth Amendment to the United States Constitution.

### SIXTEENTH SEPARATE DEFENSE

The plaintiff's claim to recover multiple damages pursuant to G.L. c. 93A is barred insofar as that claim is purportedly based on the defendant's decision not to offer to settle their claims before they commenced suit. The plaintiff's failure to provide the defendant with relevant information within their control, coupled with Massachusetts statutory, regulatory and common law that contributed to cause the defendant's inability to obtain such information, deprived the defendant of information reasonably necessary to make an informed assessment of the plaintiff's claims. Imposition of multiple damages under these circumstances would constitute an excessive fine proscribed by art. 26 of the Massachusetts Declaration of Rights.

WERNER CO.
By Its Attorneys

CAMPBELL, CAMPBELL EDWARDS & CONROY, PROFESSIONAL CORPORATION

_____
Brian P. Voke, BBO#544327
Adam A. Larson, BBO #632634
One Constitution Plaza
Boston, MA 02129
Tel. No. (617) 241-3000
Fax. No. (617) 241-5115

## CERTIFICATE OF SERVICE

I, Adam A. Larson, attorney for the Defendant, Werner Co., hereby certify that I have this date, March 9, 2005 served a copy of the attached Answer to Plaintiff's Complaint by forwarding copy of same, via first class mail, postage prepaid, on the attorney of record, namely, Edward M. Swartz, Esquire, Swartz & Swartz, 10 Marshall Street, Boston, MA 02108.

_____
Adam A. Larson