UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHSUETTS

| | |
|---|---|
| ROBERT GORMLEY ) | |
| ) | |
| ) | |
| PLAINTIFF ) | |
| ) | CIVIL ACTION NO: 05CV10304WGY |
| VS. ) | |
| ) | |
| WERNER LADDER CO., ) | |
| INC., AND HOME DEPOT ) | |
| U.S.A., INC. ) | |
| DEFENDANTS ) | |

## HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

1.   Home Depot U.S.A, Inc. ("Home Depot") is without sufficient knowledge or information to form a belief as to the truth of the averments of Paragraph 1 of the Complaint.

2.   Paragraph 2 of the Complaint contains allegations which are not directed to Home Depot and to which no response by Home Depot is required. To the extent paragraph 2 is intended to allege any fault, wrongdoing, liability or damages attributable to Home Depot, it is expressly denied.

3.   Home Depot admits that it is a Delaware corporation with a principal place of business at 2455 Paces Ferry Road, Atlanta, Georgia. Home Depot also admits that it operates retail stores in Massachusetts but is without sufficient knowledge or information to form a belief as to the truth of the remaining averments of Paragraph 3 of the Complaint.

4.   Denied.

5.   Home Depot admits that it promoted, advertised, marketed, sold, and distributed certain ladders manufactured by Werner Co. The remaining allegations of this paragraph of the Complaint are denied.

6-7.   Denied.

**WHEREFORE**, Home Depot demands judgment be entered in its favor dismissing the Complaint along with interest, costs, and disbursements incurred herein.

## COUNT I

8.   Home Depot repeats and incorporates by reference its responses to paragraphs 1-7 of the Complaint.

9a-c-10.   Paragraphs 9a-c and 10 of the Complaint contain allegations which are not directed to Home Depot and to which no response by Home Depot is required. To the extent paragraphs 9a-c and 10 are intended to allege any fault, wrongdoing, liability or damages attributable to Home Depot, it is expressly denied.

**WHEREFORE**, Home Depot demands judgment be entered in its favor dismissing the Complaint along with interest, costs, and disbursements incurred herein.

## COUNT II

11.   Home Depot repeats and incorporates by reference its responses to paragraphs 1-10 of the Complaint.

12-15.   Paragraphs 12-15 of the Complaint contain allegations which are not directed to Home Depot and to which no response by Home Depot is required. To the extent paragraphs 12-15 are intended to allege any fault, wrongdoing, liability or damages attributable to Home Depot, it is expressly denied.

**WHEREFORE**, Home Depot demands judgment be entered in its favor dismissing the Complaint along with interest, costs, and disbursements incurred herein.

## COUNT III

16. Home Depot repeats its responses to Paragraphs 1 through 15 of the Complaint as if set forth at length herein.

17a-c-22. Paragraphs 17a-c - 22 of the Complaint contain allegations which are not directed to Home Depot and to which no response by Home Depot is required. To the extent paragraphs 17a-c - 22 are intended to allege any fault, wrongdoing, liability or damages attributable to Home Depot, it is expressly denied.

**WHEREFORE**, Home Depot demands judgment be entered in its favor dismissing the Complaint along with interest, costs, and disbursements incurred herein.

## COUNT IV

23. Home Depot repeats its responses to Paragraphs 1 through 22 of the Complaint as if set forth at length herein.

24a-c-25. Denied.

**WHEREFORE**, Home Depot demands judgment be entered in its favor dismissing the Complaint along with interest, costs, and disbursements incurred herein.

## COUNT V

26. Home Depot repeats its responses to Paragraphs 1 through 25 of the Complaint as if set forth at length herein.

27. Home Depot denies that it provided any express warranties with said product. The allegation that Home Depot provided implied warranties of merchantability is an allegation of law to which no response is required. To the extent a response is required to the plaintiff's allegation that Home Depot provided implied warranties that said product was safe, merchantable and fit for its intended purposes and uses, Home Depot states that it has not yet seen the product and consequently it is without sufficient knowledge or information to form

a belief as to the truth of the averments of Paragraph 27 of the Complaint

28-30. Denied.

**WHEREFORE**, Home Depot demands judgment be entered in its favor dismissing the Complaint along with interest, costs, and disbursements incurred herein.

## COUNT VI

31. Home Depot repeats its responses to Paragraphs 1 through 30 of the Complaint as if set forth at length herein.

32-37.   Denied.

**WHEREFORE**, Home Depot demands judgment be entered in its favor dismissing the Complaint along with interest, costs, and disbursements incurred herein.

## JURY DEMAND

Home Depot demands a jury trial on all issues raised herein.

### FIRST SEPARATE DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

The plaintiff's claim for breach of warranty is barred by the plaintiff's failure to provide timely notice of the alleged breach of warranty to Home Depot and Home Depot has been prejudiced thereby.

### THIRD SEPARATE DEFENSE

The plaintiff's injuries and damages, if any, were caused by third persons over whom Home Depot exercised neither control nor responsibility.

### FOURTH SEPARATE DEFENSE

The plaintiff's claim is barred because the plaintiff voluntarily and unreasonably proceeded to encounter a known danger.

### FIFTH SEPARATE DEFENSE

The plaintiff's claim is barred because the plaintiff and or a third party was the sole proximate cause of his own injuries.

### SIXTH SEPARATE DEFENSE

The plaintiff's damages, if any, must be reduced accordingly by the plaintiff's failure to mitigate his damages.

### SEVENTH SEPARATE DEFENSE

The plaintiff is barred from any recovery because the plaintiff's alleged injuries and damages, if any, resulted from plaintiff's own negligence which exceeded any negligence by the defendant.

### EIGHTH SEPARATE DEFENSE

The Plaintiff's claims are barred by his misuse of the product.

### NINTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the applicable Statute of Limitations.

### TENTH SEPARATE DEFENSE

The plaintiff's claims for relief pursuant to G.L. c. 93A are barred because they failed to deliver a pre-suit demand for relief.

### ELEVENTH SEPARATE DEFENSE

The plaintiff's claim pursuant to G.L. c. 93A is barred to the extent it is based on 940 C.M.R. Section 3.08 because that regulation, as construed by the Supreme Judicial Court, is ultra vires the Attorney General's authority under G.L. c. 93A section 2.

### TWELFTH SEPARATE DEFENSE

The plaintiff's claims to recover multiple damages pursuant to G.L. c.93A are barred insofar as that claim is purportedly based on the defendant's decision not to offer to settle their claims before they commenced suit. The plaintiff's failure to provide the defendant with relevant information within their control, coupled with Massachusetts statutory, regulatory and common law that contributed to cause the defendant's inability to obtain such information, deprived the defendant of information reasonably necessary to make an informed assessment of the plaintiff's claim. Imposition of multiple damages under these circumstances would violate the defendant's rights to due process and equal protection guaranteed by the Fourteenth Amendment to the United States Constitution.

### THIRTEENTH SEPARATE DEFENSE

The plaintiff's claim to recover multiple damages pursuant to G.L. c. 93A is barred insofar as that claim is purportedly based on the defendant's decision not to offer to settle their claims before they commenced suit. The plaintiff's failure to provide the defendant with relevant information within their control, coupled with Massachusetts statutory, regulatory and common law that contributed to cause the defendant's inability to obtain such information, deprived the defendant of information reasonably necessary to make an informed assessment of the plaintiff's claims. Imposition of multiple damages under these circumstances would violate the defendant's due process rights guaranteed by art. 12 of the Massachusetts Declaration of Rights.

multiple damages under these circumstances would constitute an excessive fine proscribed by art. 26 of the Massachusetts Declaration of Rights.

        HOME DEPOT U.S.A., INC.
        By Its Attorneys

        CAMPBELL, CAMPBELL EDWARDS & CONROY, PROFESSIONAL CORPORATION

        */s/ Adam A. Larson*
        Brian P. Voke, BBO#544327
        Adam A. Larson, BBO #632634
        One Constitution Plaza
        Boston, MA 02129
        Tel. No. (617) 241-3000
        Fax. No. (617) 241-5115

## CERTIFICATE OF SERVICE

      I, Adam A. Larson, attorney for the Defendant, Home Depot U.S.A., Inc. hereby certify that I have this date, March 9, 2005 served a copy of the attached Answer to Plaintiff's Complaint by forwarding copy of same, via first class mail, postage prepaid, on the attorney of record, namely, Edward M. Swartz, Esquire, Swartz & Swartz, 10 Marshall Street, Boston, MA 02108.

                                     */s/ Adam A. Larson*
                                       Adam A. Larson