UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.: 05CV10304WGY

ROBERT GORMLEY,     *
                                    *
           Plaintiff,     *
                                    *
                                    *
vs.     *
                                    *
                                    *
WERNER LADDER CO. AND     *
HOME DEPOT U.S.A., INC.,     *
                                    *
          Defendants.     *

## **PLAINTIFF'S MOTION TO COMPEL AND MEMORANDUM IN SUPPORT THEREOF**

In accordance with Rule 37, Fed.R.Civ.P., and Rules 37.1 and 7.1, LR, D.Mass., Plaintiff hereby files this motion to compel in connection with the failure of the Defendant Home Depot USA, Inc. to respond to any of Plaintiffs' written discovery requests. In support hereof, Plaintiff states as follows:

1. This is a product liability case arising from serious injuries suffered by Plaintiff Robert Gormley. Plaintiff contends that his injuries resulted from his use of a ladder manufactured by Defendant Werner, and marketed and sold by Defendant Home Depot. Specifically, the right rear side rail of the ladder failed, causing Plaintiff to fall.

2. On June 1st, 2005, Plaintiff propounded interrogatories and document requests to Defendant Home Depot. Plaintiff's interrogatories are attached hereto as Exhibit "A". Plaintiff's document requests are attached hereto as Exhibit "B".

3. To date, Defendant Home Depot has failed to respond to Plaintiff's discovery requests. In a series of letters dated August 31st, September 21st, and October 12th, 2005, attached hereto as Exhibit "C", Plaintiff's counsel confirmed several dates for Defendants to respond Plaintiffs' discovery. Although Defendant

       Werner has now provided written responses, Defendant Home Depot has refused to respond in kind.

4.     The present status of this case requires the parties to complete fact discovery and depositions by December 22nd, 2005. The discovery delay occasioned by the Defendant's failure to respond to Plaintiff's discovery requests has resulted in prejudice to the Plaintiff.

5.     There is no excuse for Defendant Home Depot's delays. Defendant has had the benefit of Plaintiffs' discovery responses, but has refused to respond to any discovery.

    WHEREFOR, Plaintiff respectfully requests that an order enter compelling the Defendant Home Depot, U.S.A., Inc. to respond to all of Plaintiffs' outstanding discovery requests within three (3) days from the date of any such order, and for all such other relief as the Court deems appropriate.

## DISCOVERY CERTIFICATE

    In accordance with LR 37.1, the undersigned counsel for the Plaintiff states that he has attempted in good faith to resolve this discovery dispute and obtain Defendants' discovery responses without the need to involve the Court. Plaintiff has attached as Exhibit "C" correspondence requesting communication from counsel for the Defendants concerning Plaintiffs' outstanding discovery requests. Counsel for the Defendants has not responded to this correspondence by providing discovery responses and has not otherwise communicated when Defendant Home Depot will serve its discovery responses.

Case 1:05-cv-10304-LTS    Document 15    Filed 10/21/2005    Page 3 of 3

        The Plaintiff,
        By His Attorneys,


        __s/James A. Swartz____
        Edward M. Swartz
        B.B.O. No. 489540
        James A. Swartz
        B.B.O. No. 556920
        Swartz & Swartz
        10 Marshall Street
        Boston, MA 02108
        (617) 742-1900

DATED: _October 21, 2005___


## CERTIFICATE OF SERVICE

I, James A. Swartz, do hereby certify that the foregoing document was served on the following counsel on this date and in the manner specified herein:

VIA FIRST CLASS MAIL:

Brian Voke, Esq.
Campbell, Campbell, Edwards & Conroy
One Constitution Plaza
Boston, MA 02109

This 21st day of October, 2005.

        ___s/James A. Swartz_____
        James A. Swartz

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.: 05CV10304WGY

ROBERT GORMLEY,                *
                               *
        Plaintiff              *
                               *
vs.                            *
                               *
WERNER LADDER CO. AND          *
HOME DEPOT U.S.A., INC.,       *
                               *
        Defendants             *

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO BE ANSWERED BY DEFENDANT, HOME DEPOT U.S.A., INC.**

Definition: The "product" shall mean 8-foot, Type 1 fiberglass stepladders, including but not limited to the subject ladder.

Interrogatory No. 1:

Please state the name, business address, and company position of the persons employed by Defendant or any predecessors of Defendant with the most knowledge of the testing, purchasing and sale of Type 1, 8-foot fiberglass stepladders, specifying the area of knowledge for each person listed.

Interrogatory No. 2:

Please list all tests, including but not limited to tests regarding the rear side rails, conducted either by Defendant or others known to the Defendant on or before January 16, 2002, on fiberglass 8-foot Werner stepladders and substantially similar products, stating for each such test:

    a.    the purpose of the test; and

    b.    the results of the test.

Interrogatory No. 3:

Please describe what actions, if any, Defendant, its agents and/or employees took at any time prior to January 16, 2002 to avert or to warn against possible damage or injuries that have

resulted from known or potential hazards, dangers, defects or defective conditions in fiberglass 8-foot Werner stepladders and substantially similar products.

Interrogatory No. 4:

Please state all changes in design of the product's rear side rails from the time it was first marketed until the present time, including:

    a.    the dates of all the changes;

    b.    description of the changes;

    c.    reason(s) for making the changes; and

    d.    the name, title and address of the person(s) who authorized the changes.

Interrogatory No. 5:

Please describe whether Defendant conducted, within the past ten (10) years, any recall campaigns, operations, programs or activities for fiberglass 8-foot Werner stepladders and substantially similar products, including date(s) and substance of such recalls.

Interrogatory No. 6:

Please describe and state the contents (or attach copies hereto) of any and all promotional, instructional, warning, advertising and servicing materials issued, provided or promulgated by Defendant to retailers, distributors or purchasers of fiberglass 8-foot Werner stepladders on or before January 16, 2002, including the date(s) each was promulgated.

Interrogatory No. 7:

Please state the warranties (or attach copies hereto) made by Defendant to retailers, distributors or purchasers of fiberglass 8-foot Werner stepladders on or before January 16, 2002, including the full text of such warranties and their date of issue.

Interrogatory No. 8:

Please list all government, trade and company standards governing the design, manufacture, testing, inspection, distribution or sale of fiberglass 8-foot Werner stepladders and substantially similar product(s) on or before January 16, 2002.

Interrogatory No. 9:

If Defendant has ever been contacted by a representative of any agency, division, department, bureau or commission of the federal or any state, local or municipal government (hereinafter collectively referred to as "government agencies") with respect to any alleged defects or safety

hazards of or misrepresentations about fiberglass 8-foot Werner stepladders or any substantially similar products, please describe the date and substance of each communication.

Interrogatory No. 10:

Please list legal actions filed against Defendant, its agents, servants and/or employees concerning any personal injuries or deaths allegedly associated with a defect or failure relating to the fiberglass 8-foot Werner stepladders, including but not limited to Model FS108 stepladders, including the caption, jurisdiction and filing number; the nature of the injury which was alleged to have occurred; and the model, year and type of product involved.

Interrogatory No. 11:

Please list all side rail complaints and/or accident claims received regarding all fiberglass 8-foot Werner stepladders including but not limited to model FS108 stepladders.

Interrogatory No. 12:

Please list all side rail complaints and/or accident claims received regarding any fiberglass stepladder which uses the same rear side rail pultrusion profiles as model FS108 stepladders.

Interrogatory No. 13:

Please list all complaints and/or accident claims received regarding allegations of longitudinal fracturing along the rear side rails of any Werner-manufactured fiberglass stepladders.

Interrogatory No. 14:

Please state whether Defendant contends that the alleged occurrence was caused in whole or in part by some person(s) other than Defendant, including Plaintiff, including the full identity of each such person, firm or corporation and professional relationship to Defendant, if any; and how Defendant contends such other person caused or contributed to cause the alleged occurrence.

Interrogatory No. 15:

Please state the name and address of any and all persons, including Plaintiff, from whom Defendant or anyone on Defendant's behalf has obtained any statement concerning the alleged incident, indicating whether such statement was recorded or taped; whether it was reduced to writing; whether it was signed by the person giving such statement; the name and address of the person taking such statement; and the date it was taken.

The Plaintiff,
By His Attorneys,

Edward M. Swartz
BBO # 489540
James A. Swartz
BBO # 556920
SWARTZ & SWARTZ
Ten Marshall Street
Boston, MA 02108
(617) 742-1900

Dated: June 1, 2005

## CERTIFICATE OF SERVICE

I, James A. Swartz, do hereby certify that on this day I have served a copy of the foregoing document upon the defendants by mailing a copy, postage prepaid, directed to all counsel, to wit:

Brian Voke, Esq.
Campbell Campbell E&C, P.C.
One Constitution Plaza
Boston, MA 02129

This __1__ day of __June__, 2005.

_____
James A. Swartz

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.: 05CV10304WGY

ROBERT GORMLEY,   \*
                  \*
         Plaintiff \*
                  \*
vs.               \*
                  \*
WERNER LADDER CO. AND \*
HOME DEPOT U.S.A., INC., \*
                  \*
         Defendants \*

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
PROPOUNDED TO DEFENDANT HOME DEPOT U.S.A., INC.**

Definition: The "product" shall mean 8-foot, Type 1 fiberglass stepladders, including but not limited to the subject ladder.

Definition: "Documents", "Records", "Drawings" and other tangible items requested shall include, but not be limited to, electronic or computer-generated information.

Request No. 1:

All component, sub-assembly, and final assembly drawings applicable to the subject model ladder, i.e. Werner model FS108 Fiberglass Stepladder displaying a manufacturers stamp of 05-99 44G02FFA.

Request No. 2:

All test records applicable to the subject ladder conducted in accordance with applicable ANSI standards, as well as those not covered by ANSI protocols.

Request No. 3:

All test records applicable to prototypes representative of the construction of the final design of the subject ladder.

Request No. 4:

All test records which may not have been formally documented, but rather filed within other engineering test files or retained by the engineer or engineers most responsible for product development of the subject ladder.

Request No. 5:

All quality control records applicable to any components, subassemblies or final assembly of the subject model ladder.

Request No. 6:

All documents relating to the testing, purchasing, marketing and sale of the product.

Request No. 7:

All documents relating to safety recommendations made by Defendant to any consumer and/or retailer concerning the use of the product.

Request No. 8:

All customer correspondence relating to the product.

Request No. 9:

All complaints and/or accident claims received regarding allegations of longitudinal fracturing along the rear side rails of any Werner-manufactured fiberglass stepladders.

Request No. 10:

All complaints and/or accident claims received regarding all fiberglass 8-foot Werner stepladders, including but not limited to the model FS108 stepladder.

Request No. 11:

All complaints and /or accident claims received regarding any stepladder which uses the same rear side rail pultrusion profiles as the model FS108 stepladder.

Request No. 12:

All complaints, other than lawsuits, or reports of injuries associated with the use of the product, and alleging a defect or failure associated with the rear side rail.

Request No. 13:

All documents relating to legal complaints filed against Defendant relating to personal injuries sustained as a result of using the product, and alleging a defect or failure associated with the rear side rail.

Request No. 14:

All documents relating to the recommended method(s) of use of the product.

Request No. 15:

All documents relating to any testing of the product for possible hazards while being used under foreseeable conditions.

Request No. 16:

Copies of all warning and/or instruction labels that appeared on or with the product.

Request No. 17:

All documents relating to the wording and/or preparation of any Technical Data sheets, instructions, manuals or warnings provided to customers by Defendant for the product.

Request No. 18:

Copies of all warranties made by Defendant to retailers, distributors or purchasers of the product on or before January 16, 2002.

Request No. 19:

Copies of all government standards or trade standards applicable on or before January 16, 2002, governing the design, manufacture, testing, distribution and sale of the product.

Request No. 20:

Copies of each and every photograph relating to the incident alleged in Plaintiff's Complaint.

Request No. 21:

Copies of all documents relating to any recall campaigns conducted within the last ten (10) years for the product and/or similar products.

Request No. 22:

All statements, signed, unsigned, written or oral, which were given by any persons, including the Plaintiff, who have direct knowledge of the incident.

Request No. 23:

Copies of all policies of liability insurance coverage and excess liability coverage insuring Defendant for personal injury damages arising from the circumstances alleged in Plaintiff's Complaint, including:

a. the name and address of the insurance company issuing said policy;

b. the number of said policy;

c. the effective date and expiration thereof;

d. the amount of said policy;

e. any annual aggregate limits on said policy and any amount of the annual aggregate that has been exhausted.

The Plaintiff,
By His Attorneys,

Edward M. Swartz
BBO # 489540
James A. Swartz
BBO # 556920
SWARTZ & SWARTZ
Ten Marshall Street
Boston, MA 02108
(617) 742-1900

Dated: June 1, 2005

4

## CERTIFICATE OF SERVICE

 I, James A. Swartz, do hereby certify that on this day I have served a copy of the foregoing document upon the defendants by mailing a copy, postage prepaid, directed to all counsel, to wit:

Brian Voke, Esq.
Campbell Campbell E&C, P.C.
One Constitution Plaza
Boston, MA 02129


This __1__ day of __June__, 2005.

                _____
                James A. Swartz

**Swartz & Swartz**
ATTORNEYS AT LAW

*The John & Ebenezer Hancock House on The Freedom Trail*
NUMBER TEN MARSHALL ST., BOSTON, MASSACHUSETTS 02108
617-742-1900    •    FAX • 617-367-7193

August 31, 2005

Brian P. Voke, Esq.
Campbell Campbell E&C, P.C
One Constitution Plaza, 3rd Floor
Boston, MA 02129

Re:    Robert Gormley v. Werner Ladder Co. and Home Depot USA, Inc.
       C.A. No.: 05CV10304WGY

Dear Attorney Voke:

This will confirm that an inspection of the subject ladder will take place at 10:00 a.m. on Wednesday, September 7th at Storage USA in Brighton.

Also, pursuant to our discussion, you will work on getting me defendants' discovery responses on or before September 12, 2005, and plaintiff will respond soon thereafter.

Finally, pursuant to your request, Mr. Gormley's Workers Compensation insurer is Concentra, 5130 Eisenhower Boulevard, Suite 300B – TCM, Tampa, FL 33634. He was employed at Marina Bay – I will find out the specific entity he worked for at the time of the incident.

Thank you.

Very truly yours,

James A. Swartz

JAS:sf

# Swartz & Swartz
### ATTORNEYS AT LAW

*The John & Ebenezer Hancock House on The Freedom Trail*
NUMBER TEN MARSHALL ST., BOSTON, MASSACHUSETTS 02108
617-742-1900    •    FAX • 617-367-7193

September 21, 2005

**VIA FACSIMILE & FIRST CLASS MAIL**

Brian Voke, Esq.
Campbell, Campbell, Edwards & Conroy
One Constitution Plaza, 3rd Floor
Boston, MA 02109

Re:   Robert Gormley v. Werner Ladder Co. and Home Depot USA, Inc.
          C.A. No.: 05CV10304WGY

Dear Attorney Voke:

We had agreed that Defendants would respond to all written discovery by September 12th, with Plaintiff's responses due soon thereafter. As of this date, I have not received Defendants' written responses to Requests which were served on June 1, 2005.

Please contact me upon your receipt of this letter. Thank you.

Very truly yours,

James A. Swartz

JAS:sf



**Swartz & Swartz**
ATTORNEYS AT LAW
*The John & Ebenezer Hancock House on The Freedom Trail*
NUMBER TEN MARSHALL ST., BOSTON, MASSACHUSETTS 02108
617-742-1900   •   FAX • 617-367-7193

October 12, 2005

**VIA FIRST CLASS MAIL**

Brian Voke, Esq.
Campbell, Campbell, Edwards & Conroy
One Constitution Plaza, 3rd Floor
Boston, MA 02109

    Re:    <u>Robert Gormley v. Werner Ladder Co. and Home Depot USA, Inc.</u>
             C.A. No.: 05CV10304WGY

Dear Atttorney Voke:

    Pursuant to our recent discussion, my expectation is that the written, signed interrogatory and document responses from Werner and Home Depot will be received forthwith, so that remaining discovery can be completed prior to the imminent December 22nd deadline. Also, enclosed please find four (4) deposition notices, including Schedule "A" document requests, as follows:

1. Werner 30(B)(6) - 10:00 a.m., November 8th, 2005;

2. Frederick Bartnick - 10:00 a.m., November 9th, 2005;

3. Robert Collins, II - 2:00 p.m., November 9th, 2005; and

4. Home Depot 30(B)(6) - 10:00 a.m., November 10th, 2005.

    As you are aware, your clients' discovery responses are long overdue. In light of the rapidly approaching discovery deadline, if complete, signed responses are not received by Tuesday, October 18th, plaintiff will seek appropriate relief from the Court.

    Thank you for your anticipated cooperation.

                                                        Very truly yours,

                                                        James A. Swartz

JAS:sf
Enclosures