UNITED STATES DISTRICT COURT
DISTRICT OF MASSCHUSETTS

| | |
|---|---|
| ROBERT GORMLEY,<br>    Plaintiff<br><br>v.<br><br>WERNER LADDER CO., AND<br>HOME DEPOT U.S.A., INC.<br>    Defendants | CIVIL ACTION<br>No. 05CV10304WGY |

### DEFENDANT, HOME DEPOT U.S.A., INC.'S
### OPPOSITION TO THE PLAINTIFF'S MOTION TO COMPEL

Home Depot, U.S.A. Inc. objects to the Plaintiff's Motion to Compel and states that has responded to plaintiff's interrogatories and documents requests.

Copies of Home Depot's U.S.A. Inc.'s responses are attached hereto.

By Its Attorneys

CAMPBELL, CAMPBELL & EDWARDS,
PROFESSIONAL CORPORATION

_____
Brian P. Voke, BBO#544327
One Constitution Plaza
Boston, MA 02129
Tel. No. (617) 241-3000
Fax. No. (617) 241-5115

Dated: 11/5/05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHSUETTS

| | |
|---|---|
| ROBERT GORMLEY<br>   PLAINTIFF,<br><br>VS.<br><br>WERNER LADDER CO.,<br>INC., AND HOME DEPOT<br>U.S.A., INC.<br>   DEFENDANTS | CIVIL ACTION<br>NO: 05CV10304WGY |

## HOME DEPOT'S RESPONSES TO THE PLAINTIFF'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1:

All component, sub-assembly, and final assembly drawings applicable to the subject model ladder, i.e. Werner model FS108 Fiberglass Stepladder displaying a manufactures stamp of 05-9944G02FFA.

### RESPONSE NO. 1:

See Werner drawings produced. Home Depot has no responsive documents.

### REQUEST NO. 2:

All test records applicable to the subject ladder conducted in accordance with applicable ANSI standards, as well as those not covered by ANSI protocol.

### RESPONSE NO. 2:

See Werner drawings produced. Home Depot has no responsive documents.

### REQUEST NO. 3:

All test records applicable to prototypes representative of the construction of the final design of the subject ladder.

## RESPONSE NO. 3:

See Werner engineering tests produced. Home Depot has no responsive documents.

## REQUEST NO. 4:

All test records which may have not been formerly documented, but rather filed within other engineering test files or retained by the engineer or engineers most responsible for product development of the subject ladder.

## RESPONSE NO. 4

See Werner engineering tests produced . Home Depot has no responsive documents.

## REQUEST NO. 5:

Any quality control records applicable to any components, subassemblies or final assembly of the subject model ladder.

## RESPONSE NO. 5:

See Werner engineering tests produced. Home Depot has no responsive documents.

## REQUEST NO. 6:

All documents relating to the testing, purchasing, marketing and sale of the product.

## RESPONSE NO. 6:

See Werner Exhibits produced. Home Depot has no responsive documents.

## REQUEST NO. 7:

All documents relating to safety recommendations made by Defendant to any consumer and/or retailer concerning the use of the product.

**RESPONSE NO. 7:**

See the Werner drawings and labels produced. Home Depot has no responsive documents.

**REQUEST NO. 8:**

All customer correspondence relating to the product.

**RESPONSE NO. 8**

None.

**REQUEST NO. 9:**

All complaints and/or accident claims received regarding the allegations of longitudinal fracturing along the rear side rails of any Werner-manufactured fiberglass stepladders.

**RESPONSE NO. 9:**

Home Depot has conducted a reasonable search of it records and states that it has no record of receiving any complaints regarding allegations of longitudinal fracture on the rear side-rail of any Model FS108 Werner 8-foot fiberglass step-ladder. Home Depot is continuing its search and will supplement its response if any responsive documents are located.

Home Depot objects to this request as it is overly broad, unduly burdensome and calls for irrelevant information as drafted..

**REQUEST NO. 10:**

All complaints and/or accident claims received regarding all fiberglass 8-foot Werner Stepladders, including but not limited to the model FS 108 Stepladder.

**RESPONSE NO. 10:**

Home Depot has conducted a reasonable search of it records and states that it has no record of receiving any complaints regarding allegations of longitudinal fracture on the rear side-rail of any Model FS108 Werner 8-foot fiberglass step-ladder. Home Depot is continuing its search and will supplement its response if any responsive documents are located.

Home Depot objects to this request as it is overly broad, unduly burdensome and calls for irrelevant information as drafted..

**REQUEST NO. 11:**

All complaints and/or accident claims received regarding any stepladder which uses the same rear side rail pultrusion profiles as the model FS108 stepladder.

**RESPONSE NO. 11:**

Home Depot has conducted a reasonable search of it records and states that it has no record of receiving any complaints regarding allegations of longitudinal fracture on the rear side-rail of any Model FS108 Werner 8-foot fiberglass step-ladder. Home Depot is continuing its search and will supplement its response if any responsive documents are located.

Home Depot objects to this request as it is overly broad, unduly burdensome and calls for irrelevant information as drafted.

**REQUEST NO. 12:**

All complaints, other than lawsuits or reports of injuries associated with the use of the product, and alleging a defect or failure associated with the rear side rail.

**RESPONSE NO. 12:**

Home Depot has conducted a reasonable search of it records and states that it has no record of receiving any complaints regarding allegations of longitudinal fracture on the rear side-rail of any Model FS108 Werner 8-foot fiberglass step-ladder. Home Depot is continuing its search and will supplement its response if any responsive documents are located.

**REQUEST NO. 13:**

All documents relating to legal complaints filed against defendant relating to personal injuries sustained as a result of using the product, and alleging a defect or failure associated with the rear side of the rail.

**RESPONSE NO. 13:**

Subject to its objections Home Depot has conducted a reasonable search of it records and states that it has no record of receiving any complaints regarding allegations

of longitudinal fracture on the rear side-rail of any Model FS108 Werner 8-foot fiberglass step-ladder. Home Depot is continuing its search and will supplement its response if any responsive documents are located.

Home Depot objects to this request as it is overly broad, unduly burdensome and calls for irrelevant information as drafted. Home Depot further objects to this request as it calls for confidential and proprietary information and work product.

**REQUEST NO. 14:**

All documents relating to the recommendation method(s) of use of the product.

**RESPONSE NO. 14:**

See the Werner drawings and labels produced.

**REQUEST NO. 15:**

All documents relating to the testing of the product for possible hazards while being used under foreseeable conditions.

**RESPONSE NO. 15:**

Home Depot refers Plaintiff to ANSI A14.5 1992 and the Werner test documents.

**REQUEST NO. 16:**

Copies of all warning and/or instruction labels that appeared on or with the product.

**RESPONSE NO. 16:**

See the Werner drawings and the labels produced.

**REQUEST NO. 17:**

All documents relating to the wording and/or preparation of any Technical Data sheets, instructions, manuals, or warnings provided to customers by Defendant for the product.

**RESPONSE NO. 17:**

See Werner drawings/labels produced.

**REQUEST NO. 18:**

Copies of all warranties made by Defendant to retailers, distributors or purchasers of the product on or before January 16, 2002.

**RESPONSE NO. 18**

See the Werner labels.

**REQUEST NO. 19:**

Copies of all government standards or trade standards applicable on or before January 16, 2002, governing the design, manufacture, testing, distribution, and sale of the product.

**RESPONSE NO. 19**

See ANSI A14.5 1992.

**REQUEST NO. 20:**

Copies of each and every photograph relating to the incident alleged in Plaintiff's Complaint.

**RESPONSE NO. 20**

None.

**REQUEST NO. 21:**

Call copies of the documents relating to any recall campaigns conducted within the last ten (10) years for the product and/or similar products.

**RESPONSE NO. 21**

None.

**REQUEST NO. 22:**

All statements, signed, unsigned, written or oral, which were given by any persons including the Plaintiff, who have direct knowledge of the incident.

## RESPONSE NO. 22

None.

## REQUEST NO. 23:

Copies of all policies of liability insurance coverage and excess liability coverage insuring Defendant for personal injury damages from circumstances alleged in Plaintiff's Complaint, including:

a.  the name and address of the insurance company issuing said policy;
b.  the number of said policy;
c.  the effective date and expiration thereof;
d.  the amount of said policy; and
e.  any annual aggregate limits on said policy and any amount of the annual aggregate that has been exhausted.

## RESPONSE NO. 23:

Werner Co. insures Home Depot for this matter.

HOME DEPOT, U.S.A.,
By Its Attorneys,
CAMPBELL CAMBELL EDWARDS &
CONROY, P.C.

_____
Brian P. Voke, BBO# 544327
One Constitution Plaza
Boston, MA 02129
Tel. No. (617) 241-3000
Fax No. (617) 241-5115

7

## CERTIFICATE OF SERVICE

I, Brian P. Voke, attorney for the Defendant, Home Depot, U.S.A., Inc. hereby certify that I have this 3rd day of November 2005, I served a copy of the attached Home Depot U.S.A. Inc.'s Response to Plaintiff's First Request for Production of Documents, by forwarding copy of same, via first class mail, postage prepaid, on the attorney of record, namely, ~~Edward~~ James M. Swartz, Esquire, Swartz & Swartz, 10 Marshall Street, Boston, MA 02108.

Brian P. Voke

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHSUETTS

| | |
|---|---|
| ROBERT GORMLEY<br>    PLAINTIFF, )<br>)<br>VS. )<br>)<br>)<br>WERNER LADDER CO., )<br>INC., AND HOME DEPOT )<br>U.S.A., INC. )<br>    DEFENDANTS. ) | CIVIL ACTION<br>NO: 05CV10304WGY |

## HOME DEPOT'S ANSWERS TO THE PLAINTIFF'S FIRST SET OF INTERROGATORIES

### INTERROGATORY NO. 1:

Please state the name, business address, and company position of the person employed by Defendant or nay predecessors of Defendant with the most knowledge of the testing, purchasing and sale of type 1, 8-foot fiberglass stepladders, specifying the area of knowledge for each person listed.

### RESPONSE NO. 1:

These interrogatories are verified on behalf of Home Depot, U.S.A. Inc.(Home Depot) by Charles Nwagbara. There is no one person at Home Depot, Inc. with the most knowledge concerning the purchasing and sale on the model FS108 Werner 8-foot fiberglass step-ladder. Home Depot does not test Werner FS108 stepladders.

### INTERROGATORY NO. 2:

Please list all tests, including but not limited to tests regarding the rear side rails, conducted either by Defendant on or before January 16, 2002, on fiberglass

8-foot Werner stepladders and substantially similar products, stating for each such tests:

    a.    the purpose of the test;
    b.    the results of the test.

## RESPONSE NO. 2:

Home Depot did not test the Model FS108 Werner 8-foot fiberglass step-ladder. Home Depot relied on Werner Co.'s certification that it tested that ladder in conformance with ANSI A14.5 1992.

## INTERROGATORY NO. 3:

Please describe what actions, if any, Defendant, its agents and/or employees took at anytime prior to January 16, 2002 to avert or to warn against possible damage or injuries that have resulted from known or potential hazards, dangers, defects or defective conditions in fiberglass 8-foot Werner stepladders and substantially similar products.

## RESPONSE NO. 3:

Home Depot denies that there are any defects or defective conditions in the Model FS108 Werner 8-foot fiberglass step-ladder. Home Depot sold Model FS108 Werner 8-foot fiberglass step-ladders with the warnings and instructions on the ladders as provided for by Werner Co. Home Depot did not provide any warnings or instructions other than those provided by Werner.

## INTERROGATORY NO. 4:

Please state all changes in design of the product's rear side rails from the time it was first marketed until the present time, including:

    a.    the dates of all the changes;
    b.    description of the changes;
    c.    reason(s) for making the changes; and
    d.    the name, title, and address of the person(s) who authorized the changes.

## RESPONSE NO. 4

Home Depot did not design or manufacture the Model FS108 Werner 8-foot fiberglass step-ladder. Werner Co. would be in possession of any information concerning design changes to the rear side-rail of this model ladder.\

## INTERROGATORY NO. 5:

Please describe whether Defendant conducted, within the past ten (10) years, any recall campaigns, operations, programs or activities for fiberglass 8-foot Werner stepladders and substantially similar products, including date(s) and substance of such recalls.

## RESPONSE NO. 5:

Home Depot states that it has not conducted any recall on any 8-foot Werner fiberglass step-ladder or any substantially similar ladder.

## INTERROGATORY NO. 6:

Please describe and state the contents (or attach copies hereto) of any and all promotional, instructional, warning, advertising, and servicing materials issued, provided or promulgated by Defendant to retailers, distributors, or purchasers of fiberglass 8-foot Werner stepladders on or before January 16, 2002, including the full text of such warranties and their date of issue.

## RESPONSE NO. 6:

Home Depot refers the plaintiff to the warnings and instructions on the ladder which were provided by the manufacturer. Home Depot does not provide promotional, instructional, warning, advertising, and servicing materials to retailers or distributers. Home Depot objects to this interrogatory as it is overly broad and unduly burdensome.

## INTERROGATORY NO. 7:

Please state the warranties (or attach copies hereto) made by Defendant to retailers, distributors or purchasers of fiberglass 8-foot Werner stepladders on or

before January 16, 2002, including the full text of such warranties and their date of issue.

**RESPONSE NO. 7:**

Not applicable. Home Depot does not provide warranties.

**INTERROGATORY NO. 8:**

Please list all government, trade and company standards governing the design, manufacture, testing, inspection, distribution or sale of fiberglass 8-foot Werner stepladders and substantially similar product(s) on or before January 16, 2002.

**RESPONSE NO. 8**

Home Depot refers the plaintiff to ANSI A92.5 1992.

**INTERROGATORY NO. 9:**

If Defendant has ever been contacted by a representative of any agency, division, department, bureau, or commission of the federal or any state, local, or municipal government (hereinafter collectively referred to as "government agencies") with respect to any alleged defects or safety hazards of or misrepresentations about fiberglass 8-foot Werner stepladders or any substantially similar products, please describe the date and substance of each communication.

**RESPONSE NO. 9:**

Not applicable.

**INTERROGATORY NO. 10:**

Please list legal actions filed against Defendant, its agents, servants and/or employees concerning any personal injuries or deaths allegedly associated with a defect or failure relating to the fiberglass 8-foot Werner stepladders, including but not limited to Model FS108 stepladders, including the caption, jurisdiction, and filing number; the nature of the injury which was alleged to have occurred; and the model, year and type of product involved.

4

## RESPONSE NO. 10:

Subject to its objections, Home Depot states that it has conducted a reasonable search and has no record of receiving any complaints regarding allegations of longitudinal fracture on the rear side-rail of any Model FS108 Werner 8-foot fiberglass step-ladder.

Home Depot objects to this request as it is overly broad, unduly burdensome and calls for irrelevant information as drafted.

## INTERROGATORY NO. 11:

Please list all side rail complaints and/or accident claims received regarding all fiberglass 8-foot Werner stepladder including but not limited to ModelFS108 stepladders.

## RESPONSE NO. 11:

Subject to its objections, Home Depot states that it has conducted a reasonable search and has no record of receiving any complaints regarding allegations of longitudinal fracture on the rear side-rail of any Model FS108 Werner 8-foot fiberglass step-ladder.

Home Depot objects to this request as it is overly broad, unduly burdensome and calls for irrelevant information as drafted.

## INTERROGATORY NO. 12:

Please list all side rail complaints and/or accident claims received regarding any fiberglass stepladder which uses the same rear side rail pultrusion profiles as model FS108 stepladders.

## RESPONSE NO. 12:

Subject to its objections, Home Depot states that it has conducted a reasonable search and has no record of receiving any complaints regarding allegations of longitudinal fracture on the rear side-rail of any Model FS108 Werner 8-foot fiberglass step-ladder.

Home Depot objects to this request as it is overly broad, unduly burdensome and calls for irrelevant information as drafted.

**INTERROGATORY NO. 13:**

Please list all complaints and/or accident claims received regarding allegations of longitudinal fracturing along the rear side rails of any Werner-manufactured fiberglass stepladders.

**RESPONSE NO. 13:**

Subject to its objections, Home Depot states that it has conducted a reasonable search and has no record of receiving any complaints regarding allegations of longitudinal fracture on the rear side-rail of any Model FS108 Werner 8-foot fiberglass step-ladder.

Home Depot objects to this request as it is overly broad, unduly burdensome and calls for irrelevant information as drafted.

**INTERROGATORY NO. 14:**

Please state whether Defendant contends that the alleged occurrence was caused in whole or in part by some person(s) other than Defendant, including Plaintiff, including the full identity of each such person, firm or corporation and professional relationship to Defendant, if any; and how Defendant contends such other person caused or contributed to case the alleged occurrence.

**RESPONSE NO. 14:**

Home Depot denies that the incident involving the plaintiff was caused by Home Depot. Discovery is ongoing.

**INTERROGATORY NO. 15:**

Please state the names and addresses of any and all person, including Plaintiff, from whom Defendants or anyone on Defendant's behalf has obtained any statement concerning the alleged incident, indicating whether such statements was recorded or taped; whether it was reduced to writing; whether it was signed by the person giving such statement; the name and address of the person taking such statement; and the date it was taken.

6

**RESPONSE NO. 15:**

Not applicable.

                                HOME DEPOT, U.S.A.,

                                By Its Attorneys,

                                CAMPBELL CAMBELL EDWARDS
                                & CONROY, P.C.

                                Brian P. Voke, BBO# 544327
                                One Constitution Plaza
                                Boston, MA 02129
                                Tel. No. (617) 241-3000
                                Fax No. (617) 241-5115

## CERTIFICATE OF SERVICE

I, Brian P. Voke, attorney for the Defendant, Werner Co., hereby certify that I have this date, November 3, 2005 served a copy of the attached Answers to Plaintiff's Interrogatories by forwarding copy of same, via first class mail, postage prepaid, on the attorney of record, namely, Edward M. Swartz, Esquire, Swartz & Swartz, 10 Marshall Street, Boston, MA 02108.

                                Brian P. Voke

Robert Gormley v. Home Depot U.S.A., Inc.

## **VERIFICATION**

STATE OF GEORGIA

COUNTY OF COBB

Charles J. Nwagbara being first duly sworn on oath, deposes and says that he is a Litigation Paralegal for Home Depot U.S.A., Inc.; that he has read the foregoing Defendant Home Depot U.S.A., Inc.'s answers to plaintiff's Interrogatories and and request to produce documents and knows the contents thereof; that said responses were prepared with the assistance and advice of counsel and the assistance of employees and representatives of Home Depot U.S.A., Inc., upon which he has relied; that the responses set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected, and/or thus far discovered in the course of the preparation of these responses; that consequently Home Depot U.S.A., Inc., reserves the right to make any changes in the response if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein the said responses are true to the best of his knowledge, information and belief.

_____
Charles J. Nwagbara
HOME DEPOT U.S.A., INC.

Sworn to and subscribed
before me, this 12 day of
October, 2005. to certify which witness my hand of seal of office.

_____
Notary Public, State of Georgia
My commission expires:     Notary Public, Cobb County, Georgia
                           My Commission Expires Nov. 5, 2005

1568-1

Robert Gormley v. Home Depot U.S.A., Inc.

## VERIFICATION

STATE OF GEORGIA

COUNTY OF COBB

Charles J. Nwagbara being first duly sworn on oath, deposes and says that he is a Litigation Paralegal for Home Depot U.S.A., Inc.; that he has read the foregoing Defendant Home Depot U.S.A., Inc.'s answers to the plaintiff's first set of interrogatories and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel and the assistance of employees and representatives of Home Depot U.S.A., Inc., upon which he has relied; that the answers set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected, and/or thus far discovered in the course of the preparation of these answers; that consequently Home Depot U.S.A., Inc., reserves the right to make any changes in the answer if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein the said answers are true to the best of his knowledge, information and belief.

_____
Charles J. Nwagbara
HOME DEPOT U.S.A., INC.

Sworn to and subscribed
before me, this ___ day of
September, 2005, to certify which witness my hand of seal of office.

_____
Notary Public, State of Georgia
My commission expires: 5/6/08