UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHSUETTS

| | | |
|---|---|---|
| ROBERT GORMLEY | ) | |
|     PLAINTIFF | ) | |
| | ) | CIVIL ACTION |
| VS. | ) | NO: 05CV10304WGY |
| | ) | |
| | ) | |
| WERNER LADDER CO., | ) | |
| INC., AND HOME DEPOT | ) | |
| U.S.A., INC. | ) | |
|     DEFENDANTS | ) | |

**MEMORANDUM IN SUPPORT OF WERNER CO.'S MOTION *IN LIMINE*
TO EXCLUDE ALL REFERENCE TO, AND
<u>EVIDENCE OF, OTHER ACCIDENTS</u>**

Werner Co. ("Werner") anticipates that the plaintiff may attempt to refer to, or introduce into evidence, reports of accidents or lawsuits regarding other incidents involving allegedly defective fiberglass step ladders manufactured by Werner.

The presentation of any such evidence to the jury, or reference to its existence, must not be permitted in this case as the plaintiff cannot show that any other accidents are substantially similar to the case at bar. Further, the probative value of the evidence, if any, is substantially outweighed by the unfair prejudice to Werner, and would mislead and confuse the jury, and waste the Court's time. Finally, the evidence of other incidents, claims, or lawsuits is inadmissible hearsay.

## II. **<u>BACKGROUND</u>**

This is a product liability action arising out of a work related accident occurring on January 16, 2002 in Quincy, Massachusetts. The plaintiff Robert Gormley allegedly fell from a Werner Model FS108 Type II fiberglass step ladder while working at Marina Bay in Quincy on January 16, 2002. The plaintiff alleges that the ladder was defective because it was not designed with rail shields to protect the fiberglass rails from damage. The right rear rail of the ladder purportedly was split 3 to 6 inches starting at the bottom of the rail. Prior to plaintiff's use of the ladder on the day of the accident, the plaintiff claims he failed to notice this damage. He further contends the split rail caused him to lose his balance and fall.

The plaintiff must establish the requisite substantial similarity between the accident in this case, and any other incidents he may seek to offer as evidence. Information contained in any such complaints constitutes inadmissible hearsay. Even if relevant, the probative value of any complaints is far outweighed by the danger of unfair prejudice, jury confusion and misleading the jury, and of wasting the time of this Court which would require a mini-trial on each of the incidents offered by the plaintiff. Werner moves, therefore, that the plaintiff, his counsel, his experts and any witnesses, be barred from mentioning or introducing evidence of

any other accidents or lawsuits involving fiberglass step ladders manufactured by Werner from the outset of the trial.

## II. ARGUMENT

### A. EVIDENCE OF OTHER ACCIDENTS OR LAWSUITS IS INADMISSIBLE, FOR ANY PURPOSE, IF THE CIRCUMSTANCES ARE NOT SUBSTANTIALLY SIMILAR TO THE CASE AT BAR

The party offering evidence of other incidents must establish "substantial similarity" between the incidents offered and the one at bar before such evidence is admissible. See Cameron v. Otto Bock Orthopedic Industry, Inc., 43 F.3d 14, 16 (C.A. (Mass.) 1994) (where the United States Court of Appeals excluded evidence of other incidents as irrelevant because they were not based upon substantially similar circumstances); Barker v. Deere & Co., 60 F.3d 158 (3d Cir. 1995); Swajian v. General Motors Corp., 916 F. 2d 31, 36 (1st Cir. 1990).

In McKinnon v. Skill Corp., 638 F.2d 270 (1st Cir. 1981), the plaintiff attempted to introduce evidence of 6 prior accidents with "Skil saws" to demonstrate notice, defect, causation and negligence. The District Court excluded this evidence because plaintiff failed to make the requisite showing that the prior accidents were substantially similar. In affirming, the First Circuit held;

> The record is totally devoid of showing of the circumstances under which these accidents occurred. The plaintiff failed to make the requisite showing that any of these alleged incidents had involved a defective lower blade guard. The operators identified [] could have been injured as a result of their own negligence for all that appears in the response. [638 F.2d at 277-278.]

The pre-requisite of substantial similarity was reaffirmed in the case of Barker v. Deere & Co., 60 F.3d 158 (3d Cir. 1995). In Barker, the plaintiff was permitted to introduce evidence of other farm accidents to prove that a tractor was defective because it did not have an operator protection system, the alternative safer design. Specifically, the Barker's expert offered evidence of the rate of tractor accidents per year, the number of deaths, the number of injuries and the percentage attributable to different types of accidents. Ultimately, the jury returned a verdict for the plaintiff. In reversing the Third Circuit held:

> We note that every court of appeals to have considered this issue agrees that when a plaintiff attempts to introduce evidence of other accidents as direct proof of a design defect, the evidence is admissible only if the proponent demonstrates that the accidents occurred under circumstances substantially similar to those at issue in the case at bar. …**Our primary concern is that Barker has not presented sufficient evidence which could lead the district court to believe that the prior accidents are in any way similar to the case before us. The record contained only raw numbers and statistical extrapolations. … [W]hat scant evidence that was admitted did not contain any specific information with regard to the details of any single accident.** All evidence of accidents where an object entered the operator area was presented via the National Safety Counsel Statistics. This evidence concerned tractors generally, not specifically John Deere 620 Tractors…[Id. at 5-7]Emphasis added]

Due to the overwhelming danger of unfair prejudice, courts have broadly applied their power to exclude evidence of other accidents, requiring claimants to prove their case with evidence directly on issue. See Lewy v. Remington Arms Co., Inc., 836 F.2d 1104, 1108-1109 (5th Cir. 1988) (reversing admission of M600

rifle accidents to show notice of potential dangers with M700 rifle-not substantially similar); Nachtsheim v. Beech Aircraft Copr., 847 F.2d 1261, 1269 (7th Cir. 1988) (plaintiff offered too few "established facts" to prove substantial similarity); Haynes v. American Motors Corp., 691 F.2d 1268 (8th Cir. 1982).

Here, the plaintiff must make a showing that the circumstances of any other accidents are substantially similar to those surrounding the present claim. To establish that other fiberglass step ladder accidents occurred under substantially similar conditions, the plaintiff would have to establish, through witnesses with personal knowledge, at least the following:

a. that the ladder was designed substantially similar to the 1999 FS108 ladder;

b. that the circumstances surrounding the incident were substantially the same as those being alleged here; and

c. that the ladder damage was substantially similar to the damage caused to the subject ladder.

This he cannot do. Furthermore, many of the above factors are disputed, providing additional difficulty in ensuring that any prior incident is substantially similar. Consequently, to allow any other incident into evidence would, at the most, show that an absent third party alleged that something was wrong with his or her fiberglass step ladder, See Yellow Bayou Plantation, Inc. v. Shell Chemical, Inc.,

491 F.2d 1239, 1242-1243 (5th Cir. 1974), and would enable the jury to conclude, based upon sheer speculation and conjecture, that since other people made complaints against Werner, it must be liable in this case.

**B.    EVIDENCE OF OTHER ACCIDENTS OR LAWSUITS CONSTITUTES INADMISSIBLE HEARSAY, NOT WITHIN ANY RECOGNIZED EXCEPTION AND IS, THEREFORE INADMISSIBLE**

Evidence of other substantially similar accidents offered to prove the truth of the matters asserted is inadmissible hearsay. Fed. R. Evidence 802. Any such evidence is only admissible to establish Werner had notice of prior substantially similar accidents. McKinnon v. Skil Corp., 638 F.2d at 277, n. 12. Even when substantial identity of the circumstances is proven, the admissibility of such evidence lies within the discretion of the trial judge who must weigh the dangers of unfairness, confusion and undue expenditure of time in the trial of collateral issues against the factors favoring admissibility. Id., citing Mutrie Motor Transportation, Inc. v. Interchemical Corp., 378 F. 2d 447, 450-51 (1st Cir. 1967).

Additionally, these complaints of other accidents undoubtedly contain within them other statements that also constitute assertions offered for their truth. In such multiple hearsay problems, each layer of hearsay must be independently admissible.

## C. OTHER ACCIDENTS SHOULD BE EXCLUDED BECAUSE THEIR PROBATIVE VALUE IS FAR OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE, JURY CONFUSION AND UNDUE DELAY

The unfair prejudice to Werner and the substantial risk of jury confusion should preclude the admission of any other accidents at trial. Courts have long recognized the powerfully suggestive impact on the jury of evidence which tends to indicate that the accident in question is only one in a series of similar incidents involving the same product. It is that quality of suggestibility which magnifies the prejudicial effect to defendants from the introduction of evidence of other accidents. If the plaintiff were allowed to introduce evidence of other accidents, in order to minimize the unfair prejudice to Werner, the Court would have to permit Werner to present evidence on each accident to prove to the jury that the prior claim did not result from any defect in the aluminum extension ladder. The introduction of these issues at trial would absorb a considerable amount of trial time. Moreover, it would unfairly focus the jury's attention on prior claims, thus posing the grave likelihood that jurors would confuse the facts and the issues in the other claims with those presented in this case. Accordingly, the evidence should be excluded.

## III. <u>CONCLUSION</u>

WHEREFORE, for the foregoing reasons, Werner respectfully requests an Order precluding the plaintiff, his counsel, his experts and any witnesses from making any reference to other accidents or lawsuits involving allegedly defective fiberglass step ladders manufactured by Werner.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of *Memorandum in Support of Werner Co.'s Motion in Limine to Exclude All Reference to, and Evidence of, Other Accidents,* was served upon all counsel of record by electronic mail on April 19, 2006.

>WERNER LADDER COMPANY
>By Its attorneys,
>
>CAMPBELL CAMPBELL EDWARDS & CONROY
>PROFESSIONAL CORPORATION
>
>
>*/s/Brian P. Voke*
>Brian P. Voke (BBO# 544327)
>One Constitution Plaza
>Boston, MA 02129
>(617) 241-3000