UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHSUETTS

| | |
|---|---|
| ROBERT GORMLEY )<br>    PLAINTIFF )<br>)<br>VS. )<br>)<br>WERNER LADDER CO., )<br>INC., AND HOME DEPOT )<br>U.S.A., INC. )<br>    DEFENDANTS ) | CIVIL ACTION<br>NO: 05CV10304WGY |

**DEFENDANT, WERNER CO.'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF THE EDGE BRACING DESIGN**

Werner Co. moves in limine for an Order excluding from evidence any information, documents or testimony relative to Werner Co.'s use of the Edge Bracing system on Werner Co. fiberglass step ladders following Mr. Gormley's accident. Werner Co. does not contest the feasibility of incorporating this design into the model FS108 ladder designed and manufactured in 1999. However, evidence of such a design change following the plaintiff's accident is inadmissible as a subsequent remedial measure pursuant to F.R.E.407. Further, the evidence is irrelevant and it is inadmissible pursuant to F.R.E.403.

## INTRODUCTION

This is a product liability action that arises out of an accident at Marina Bay in Quincy, Massachusetts on January 16, 2002. Robert Gormley, a boatwright allegedly fell from a Werner Model FS108 fiberglass step ladder while shrink

wrapping a boat. The ladder produced by the plaintiff to Werner Co. was manufactured in 1999. The plaintiff identified Stanley Kiska as his only liability expert. Mr. Kiska testified at his deposition that the right rear leg of the ladder was damaged prior to Mr. Gormley's use of the ladder on the day of the accident. Kiska testified the right rear rail was split in half for a distance of approximately 3 to 6 inches beginning at the bottom of the rail.

Kiska alleges the ladder is defective because it was not accompanied by rail shields to protect the fiberglass rails from damage. Kiska testified that the Edge Bracing System incorporated into the FS108 model (in 1004) is also a defective design (Kiska depo page 59, lines 13-14). Nevertheless, the plaintiff seeks to introduce this subsequent remedial measure into evidence.

The Court should exclude the evidence for the following reasons:

1) The evidence is irrelevant;

2) The evidence is inadmissible pursuant to Rule 407; and

3) The probative value of the evidence, if any, is outweighed by the unfair prejudice to Werner Co. and jury confusion and waste of time that would result if the Court were to allow this information into evidence.

A. THE EDGE BRACING SYSTEM IS IRRELEVANT

Plaintiff's own expert says the Edge Bracing System as designed and incorporated into the FS108 ladder in 2004 is defective and that the subject ladder should have been designed with rail shields (Kiska depo page 59, lines 13-14).

The Edge Bracing System used on the model FS108 Werner Co. ladders in 2004 does not have any tendency to make the existence of any fact that is of consequence to the determination of this action more probable than it would without the evidence. Consequently, the evidence is irrelevant and should be excluded.

B. WERNER CO.'S DESIGN AND MANUFACTURE OF LADDERS WITH THE EDGE BRACING SYSTEM IS INADMISSIBLE AS A SUBSEQUENT REMEDIAL MEASURE UNDER RULE 407

Federal Rule of Evidence 407 provides:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to provide negligence, culpable conduct, a defect in a product, a defect in a product's design, or need for a warning or instruction. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

Federal courts routinely exclude evidence of subsequent remedial measures pursuant to Rule 407. Raymond v. Raymond Corp., 938 F.2d 1518, 1522-1523 (1st Cir. 1991); Cann vs. Ford Motor Co., 658 F.2d 54, 59 (2d Cir. 1981), cert. Denied, 456 U.S. 960 (1982); Josephs vs. Harris Corp., 677 F.2d 985, 990-991 (3d Cir.

3

1982). Also see, Kelly v. Crown Equipment Company, 970 F.2d 1273, 1277 (3d Cir. 1992); Petree v. Victor Fluid Power, Inc., 831 F.2d 1191 (3d Cir. 1987); Probus v. K-Mart et al., 794 F.2d 1207 (7th Cir. 1986).

Rule 407 is grounded on the social policy of "encouraging people to take or at least not discouraging them from taking, steps in furtherance of added safety." Petree, 831 F.2d at 1198. See also Raymond, 938 F.2d at 1522-1523 (Rule 407 keeps jury focused on relevant time frame and encourages defendants to improve safety); Josephs, 677 F.2d at 991 (motion *in limine* granted excluding evidence of warning sticker placed on a printing press after plaintiff's accident); Cann, 658 F.2d at 60 (rule recognizes that people are loathe to take actions which increase the risk of a lawsuit).

The policies for exclusion of evidence pursuant to Rule 407 are appropriate in this case. In 2004, Werner Co. incorporated an Edge Bracing System into the design of the model FS108 ladder. The plaintiff intends to introduce this design change into evidence to support his claim that the prior designed rail on the 1999 FS108 ladder was defective and that Werner Co. was negligent. The use of this evidence by the plaintiff for this purpose are improper and the evidence should be excluded at trial.

Werner Co. does not deny that the Edge Bracing System was feasible for incorporation into the subject ladder manufactured in 1999. Thus the evidence is

not need to prove feasibility, a possible exception to the Rule.  See Mills vs. Beech Aircraft Corp., 886 F.2d 758, 763-764 (5th Cir. 1989) ("The feasibility exception to Rule 407 does not apply when feasibility is not in controversy"); Middleton v. Harris Press & Shear, Inc., et al. 796 F.2d 747, 752 (5th Cir. 1986); Bauman v. Volkswagen Aktiengesellschaft, 621 F.2d 230, 233 (6th Cir. 1980) (judgment reversed because the Court admitted a subsequent remedial door latch design "overlook[ing] the fact that defendants did not in any way controvert the feasibility of design changes, contesting only the reasons for the subsequent design changes"); Knight v. Otis Elevator Co., 596 F.2d 84, 91 (3d Cir. 1979) ("Rule 407 requires that the feasibility of precautionary measures be controverted.")

Because Werner Co. is not disputing feasibility, evidence concerning Werner Co.'s subsequent use of the Edge Bracing System should be excluded at trial.

## C. EVEN IF EVIDENCE OF SUBSEQUENT REMEDIAL MEASURES WERE OFFERED FOR ANOTHER PURPOSE, IT SHOULD BE BARRED BECAUSE IT WOULD BE UNFAIRLY PREJUDICIAL

If the jury hears that Werner Co. begin designing fiberglass step ladders with an Edge Bracing System after Mr. Gormley's accident, it is likely that they will take it as an admission that Werner Co. was negligent and find liability on that basis alone.  The obvious unfair prejudice of this evidence alone cannot be refuted. That is precisely why the plaintiff will attempt to introduce such evidence.

Federal Rule of Evidence 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Rule 403 serves as an alternative basis for refusing to admit evidence of subsequent remedial measures. See, e.g., Knight v. Otis Elevator Co., 596 F.2d 84 (3d Cir. 1979).

In Lindsay v. Ortho Pharmaceutical Corp., 637 F.2d 87 (2d cir. 1980), the trial court admitted into evidence subsequent inserts and revisions (warnings) to those received by the plaintiff with her prescription of an allegedly defective drug. The Court of Appeals held:

> The admission of these warnings constituted such an abuse of discretion as to warrant a retrial in a case otherwise unimpeachably tried.

Id. at 94; See also Alexander v. Conveyors and Dumpers, Inc., 731 F.2d 1221 (5th Cir. 1984) (The court commented that evidence of post-accident modifications "lacks sufficient probative value of defectiveness and risked confusing and misleading the jury.").

In Knight vs. Otis Elevator Co., 596 F.2d 84 (3d Cir. 1979), the plaintiff attempted to introduce evidence that certain guards had been placed on elevator buttons subsequent to the plaintiff's accident. The District Court excluded the testimony based on Rule 407, holding it to be a subsequent remedial measure, and

6

Rule 403, holding that prejudice outweighed the probative value. The Court held that since feasibility was not controverted, this evidence fell within Rule 407, and its admission would have limited probative value and unnecessarily confuse the issues at trial thus contravening the policy underlying Rule 403. See also Raymond v. Raymond Corp., 938 F.2d 1518 (1st Cir. 1991);

When evidence of a defendant's subsequent measures are offered as an exception to Rule 407, the Court must balance the prejudice and probative value under Rule 403. In light of the strong policy excluding evidence of subsequent remedial measures, as well as the potential that confusing and extraneous issues that would be injected into this suit should these measures be admitted, this Court should properly exclude any evidence, testimonial or documentation, regarding Werner Co.'s use of the Edge Bracing System on fiberglass step ladders.

## CONCLUSION

For the foregoing reasons, Werner Co. respectfully requests an Order excluding from evidence any reference or evidence to the Edge Bracing System.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of *Werner Co.'s Motion in Limine to Exclude Evidence of the Edge Bracing Design,* was served upon all counsel of record by electronic mail on April 19, 2006.

WERNER LADDER COMPANY
By Its attorneys,

CAMPBELL CAMPBELL EDWARDS & CONROY
PROFESSIONAL CORPORATION


*/s/Brian P. Voke*
Brian P. Voke (BBO# 544327)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000
