UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT GORMLEY | ) | |
|     Plaintiff, | ) | CIVIL ACTION |
| v. | ) | NO.1:05-10304LTS |
| | ) | |
| WERNER CO, ET AL | ) | |
|     Defendant. | ) | |

## ORDER SETTING CASE FOR TRIAL

MAY 24, 2006

SOROKIN, U.S.M.J.

It is ORDERED that the trial in the above-entitled case commence on **November 13, 2006** at **9:00 A.M.** for jury empanelment in Courtroom #14 on the 5th floor. Opening statements and presentation of evidence are to commence immediately thereafter. The schedule for trial is 9:00 A.M. to 1:00 P.M.

1. Pursuant to Fed. R. Civ. P. 16 and Local Rule 16.5, it is further ORDERED that counsel appear for a Final Pretrial Conference on **November 7, 2006** in Courtroom #14, 5th Floor at **2:00 P.M.**

2. In preparation for this Conference, it is ORDERED that the parties disclose to each other in accordance with Fed. R. Civ. P. 26(a)(3) and Local Rule 16.5(C) no later than **October 14, 2006:**

    (a) All photographs, documents, instruments and other objects any counsel intends to offer as exhibits at trial, other than solely for impeachment;

    (b) The names, addresses and telephone numbers of witnesses each party

       intends to call at trial, including expert witnesses;

   (c)   The names of witnesses whose testimony is to be presented by means of deposition and a transcript of the pertinent portions of the deposition testimony.

Unless previously ordered by the court otherwise, expert disclosures as described by Fed. R. Civ. P. 26(a)(2) must be made at least 90 days prior to the Final Pretrial Conference, pursuant to Local Rules 16.5(C) and 26.4(A).

   3.   Following the parties' disclosures, each party shall serve on the other(s) by no later than **October 24, 2006** a list describing any objections and the grounds therefor. As per Local Rule 16.5(C), these objections shall be a subject of the pre-Final Pretrial Conference meeting described below and, if not resolved, shall be presented to the Court in the parties' pretrial briefs. Objections not so disclosed, other than objections under Rules 402 and 403 under the Federal Rules of Evidence, are waived according to Fed. R. Civ. P. 26(a)(3) unless excused by the Court for good cause.

   4.   In further preparation for the Final Pretrial Conference, it is ORDERED pursuant to Local Rule 16.5(D) that the parties meet personally on or before October 29, 2006 to discuss and negotiate settlement of the action, to narrow the issues to be tried, and to prepare a joint pretrial memorandum as described below.

   5.   Counsel shall jointly prepare and file no later than **November 6, 2006 a joint pretrial memorandum** which sets forth the following issues prescribed by Local Rule 16.5(D):

   (a)   A concise summary of the evidence which will be offered by the plaintiff, defendant, and other parties with respect to both liability and damages (including special damages, if any);

 (b) A statement of facts established by the pleadings, by admissions, or by stipulations. Counsel shall stipulate all facts not in genuine dispute;

 (c) Any factual issues in dispute;

 (d) Any jurisdictional questions;

 (e) Any question raised by pending motions;

 (f) Issues of law, including evidentiary questions, together with supporting authority;

 (g) Any requested amendments to the pleadings;

 (h) Any additional matters to aid in the disposition of the action;

 (i) The probable length of the trial;

 (j) The names of all witnesses to be called, the purpose of the testimony of each witness (i.e. factual, expert, etc.), and whether the testimony of any such witness is to be presented by deposition. Unless the qualifications of any expert witness are stipulated, a statement of the qualifications shall be included;

 (k) A "Joint List of Exhibits" (photographs, documents, instruments, and all other objects) as to which there is <u>no objection</u>, in order of their introduction to the Court, identified and marked by a <u>single sequence of numbers</u> regardless of which party is the proponent;

 (l) A "List of Exhibits to be Offered at Trial" of exhibits to which any party reserves the right to object, identified and marked by a <u>single sequence of capital letters</u> regardless of which party is the proponent;

 (m) The parties' respective positions on any remaining objections to the evidence identified in the pretrial disclosures required by Fed. R. Civ. P. 26(a)(3) and Local Rule 16.5(C), as well as any deposition testimony being offered.

6. Counsel shall separately prepare and file no later than **November 6, 2006** a **trial brief** pursuant to Local Rule 16.5(F) which sets forth the following:

    (a)    Motions in limine or other requests regarding foreseeable disputes concerning evidentiary issues, including authority for the ruling requested.

    (b)    In cases to be tried by a jury:

        (1)    A succinct and neutral statement summarizing the principal claims and defenses of the parties to be read to the venire during empanelment;

        (2)    Any proposed questions for the voir dire examination of the jury;

        (3)    Requests for instructions to the jury, with citation to supporting authority; and

        (4)    Any proposed interrogatories or special verdict form.

    (c)    In nonjury cases, proposed findings of fact and requested rulings of law.

If the trial materials required by this Order have been previously filed with the Court, please advise the Court in writing of the filing date.

7.    Immediately upon receipt of this Order, any counsel who realizes that one or more attorneys in the case have not been notified shall forthwith notify the additional attorney(s) in writing as to the entry of this Order, and shall file a copy of the writing with the Clerk.

Counsel are cautioned that failure to comply fully with this Order may result in sanctions to be imposed by the Court. The timely filing of these trial documents is required.

                /s/ LEO T. SOROKIN
                Leo T. Sorokin
                United States Magistrate Judge